WILLIAM CAMPBELL, appellant, v. RICHARD A. WHETSTONE, appellee.

*Appeal from Madison.*

4 361
38a 570
4 361
181 592

An affidavit for a writ of foreign attachment cannot be made before a justice of the peace.

If a legal and sufficient affidavit be filed in an attachment cause, the attachment should not be dismissed, whatever may be the character of the original affidavit, or however defective it may be; and it is the duty of the Court in which such cause is pending, to permit such affidavit to be filed.

THIS cause was heard in the Court below, at the April term, 1842, before the Hon. Sidney Breese. The plaintiff appealed to this Court.

N. D. STRONG and J. HALL, for the appellant, cited R. L. 93, 473; 1 Scam. 487, 551; 2 Scam. 463, 474.

G. T. M. DAVIS, for the appellee.

BREESE, Justice, delivered the opinion of the Court:

This was a foreign *attachment*, commenced in the Madison Circuit Court, by Campbell against Whetstone, founded upon an affidavit made before a justice of the peace, but filed with the clerk of the Circuit Court. A motion was submitted in that Court, to dismiss the writ for that reason, pending which, the plaintiff entered his motion to amend, by filing another affidavit before the Clerk. The Court denied this motion, and allowed the defendant's motion to dismiss, to which an exception was taken. These decisions of the Court are assigned as error, by the appellant. When the motion was made at the Circuit, to dismiss, for the reason that the affidavit was made before a justice of the peace, and not before the clerk of the Court, I had great inclination to refuse it, although the practice had been uniform, ever since the passage of the attachment act of 1833, to make such affidavits before the clerk, believing that the third section of the act of 1826, respecting oaths and affirmations, would authorize the affidavit before a justice of the peace; the terms and provisions of that section being very broad and comprehensive, and further believing that such a practice would greatly facilitate those who might wish to obtain such writs. The last clause of the third section (1) of the attachment act, however, expressly requires, that in cases of foreign attachment, as this is, the affidavit of non-residence and indebtedness shall be made before, and filed with the clerk of the Circuit Court of the county from whence the attachment issues. This being a special law, for a special purpose, proceedings under

(1) R. L. 83; Gale's Stat. 64.

it must conform to its requirements; and hence it follows, that the Circuit Court decided correctly in declaring that the affidavit made before a justice of the peace was not a compliance with the act. In regard to domestic attachments, there can be no doubt but that the affidavit may be made before a justice of the peace, under the powers conferred upon that officer by the third section of the act respecting oaths and affirmations, before referred to. (1)

Upon the other point, the Court is satisfied the motion to amend, by filing a new affidavit, should have been allowed.

The 28th section (2) of the attachment act, under which this motion was made, is very broad in its provisions, and of peculiar phraseology. It declares, that "No writ of attachment hereafter to be issued shall be quashed," &c., "on account of any insufficiency of the original affidavit, writ of attachment, or attachment bond, if the plaintiff, or some credible person for him, shall cause a legal and sufficient affidavit or attachment bond to be filed," &c. Now, it would seem to be immaterial what the character of the affidavit may be, in the first instance, or however defective, if the plaintiff will cause "a legal and sufficient affidavit" to be filed, in such time and manner as the Court may appoint, the writ shall not be quashed. The affidavit, in this case, wants none of the legal requisites, except that of being made before the clerk of the Court. It is sufficient in every other particular, and the Court should have allowed the motion for leave to file another, which should be legal and sufficient in every particular. In refusing this, the Court erred; for which error the judgment is reversed, and the cause remanded, with directions to the Circuit Court of Madison county to allow the plaintiff to file a legal and sufficient affidavit in the cause. The appellant will recover his costs.

*Judgment reversed.*

*Note.* § 5 of "*An Act in relation to the Supreme Court,*" provides, that "In all cases where an oath or affidavit is required to be taken in proceedings in attachment, the same may be taken or made before a justice of the peace, clerk of the circuit court of this State, or other person authorized by law to administer an oath." Laws of 1843, 135.