ALLEN B. STRUTHERS AND OTHERS, PLAINTIFFS IN ERROR,
    v. J. B. McDOWELL AND OTHERS, DEFENDANTS IN ERROR.

1. **Practice**: ATTACHMENT: AMENDMENT. An affidavit for the
issuance of an attachment may be amended by leave of the court,
even after a motion to quash the proceedings is filed, because of
that particular defect.

2. ———. It is not error for the court to permit the officer before
whom the affidavit was made to attach a venue, according to the
fact, even after a motion has been filed to dismiss the attachment,
on the ground of its omission.

THIS was a suit in the district court for Jefferson county,
brought by defendants in error against plaintiff in error
and R. B. Wallace as partners, under the firm name of
Struthers & Wallace.    Tried below before POUND, J.
An attachment was issued in the cause.    The affidavit
filed in said cause as the basis for the attachment pro-
ceedings lacked a *venue;* Struthers, appeared specially
and made a motion to set aside, dissolve, and discharge
the attachment.

Defendants in error made a motion for leave to amend
the affidavit.    The motion to amend was sustained; the
affidavit was amended, and the motion to dissolve the
attachment overruled; to all of which rulings said Struth-
ers excepted, and for the reversal of these erroneous rul-
ings brought the cause here by petition in error.

*S. P. Davidson*, for plaintiff in error, contended that the venue is an essential part of an affidavit. Without it an affidavit is fatally defective and void. The affidavit must show on its face that it was made before some officer competent to take an affidavit, and within some place where he was authorized by law to administer oaths. *Lane v. Morse*, 6 How. Prac., 395. *Cook v. Staats*, 18 Barb., 407. *Thompson v. Burhans*, 61 N. Y., 62, 63. *Crowell v. Johnson*, 2 Neb., 153. *Small v. Echerson*, 8 Iowa, 284. *Bowen v. Slocum* 17 Wis., 190. *Lathrop v. Snyder*, 16 Wis., 293.

If there be no statutory authority for amending an affidavit, the court has no power to allow such an amendment. Drake on Attachment, Sec. 84. *Brown v. Mc-Closky*, 26 Ga., 577. *Cohen v. Manner*, 28 Ga., 27.

In this state a process or proceeding can only be amended in certain cases of mistake, omission of material allegation, failure of pleading to conform to the facts proved, or failure of the proceeding to conform in any respect to the provisions of the code. Gen. Stat., p. 546, Sec. 144. This relates only to such defects as do not render the process absolutely void. There must be something to amend, and a void writ is a nullity. To amend in such a case would be to create the writ anew. *Whitney v. Brunette*, 15 Wis., 69, 76. Drake on Attachments, Sec. 84.

*Brown, England & Brown*, for defendants in error.

Even if the affidavit were defective and insufficient, the court properly sustained the motion of the defendant in error to amend. The attachment should not have been dissolved in consequence of such defects, if the defendants in error offered to cure them by amendment. *Campbell v. Whetstone*, 4 Ill., 361. *Bunn v. Pritchard*, 6 Iowa, 56. *Langworthy v. Waters*, 11 Iowa, 432. *Hen-*

*derson v. Drace,* 30 Mo., 358. *Furman v. Walter,* 13 How. Pr., 348. Drake on Attachment, Sec. 113.

LAKE, CH. J.

The first error assigned is the overruling of the motion made to quash the summons. This point was not urged in argument, and we suppose it was abandoned. At all events, the objection to the sufficiency of this writ was not warranted, it being in all respects in strict conformity to the requirements of the statute.

The other objections all relate to the affidavit on which the order of attachment was issued; the chief of these being that no venue was given. It is also objected that the court erroneously permitted the notary public before whom the affidavit was made, to insert the proper venue, according to the fact, after a motion to quash the attachment had been filed, and thereupon overruled the motion.

It is not pretended that the facts set forth in the affidavit were not ample to justify the issuing of the writ, but it is insisted that the omission of the venue was a fatal defect; not amendable and rendering the order of attachment absolutely void. This position cannot be sustained. In the first place the venue is really no part of the affidavit, its office being simply to show by an inspection of the instrument whether it was made within the jurisdiction of the officer who administered the oath. We are not aware of a single case that goes so far as to hold that such a defect may not be amended, so as to show the fact, where the request to do so is properly made.

Under our statute of amendments great latitude is given to the court in permitting even material defects to be remedied, especially where they were occasioned by mistake, or are the result of oversight, and it can be seen that by so doing, substantial justice will be done.

And this rule is not limited to pleading merely, but is applicable to all proceedings in civil actions. *Irwin v. Bank of Bellfontaine*, 6 Ohio State, 81; *Campbell v. Whetstone*, 4 Ill., 361; *Langworthy v. Waters*, 11 Iowa, 432; *O'Dea v. Washington Co.*, 3 Neb., 118.

We are of opinion, therefore, that there is no error shown in the record, and the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.