## MATTHAI *v.* CONWAY.

ATTACHMENT, SUFFICIENCY OF AFFIDAVIT TO SUPPORT; INTERVENING PARTIES; PRACTICE.

1. Affidavits in support of an attachment issued in an action of *assumpsit* by a partnership for goods sold and delivered, which show that one of the affiants is a member of the plaintiff partnership and the other an agent thereof, and which state that affiants know of their own knowledge that the defendant is a non-resident; that the plaintiffs have a just right to recover of the defendant the amount claimed in the declaration, which, with the particulars of demand, consisting of an itemized statement of account, is referred to in the affidavits, and that the garnishee holds certain goods and credits of the defendant, are sufficient to support the attachment.

2. Where, in an affidavit to support an attachment, it is stated that the affiant knows of his own knowledge that the defendant is indebted to the plaintiff, it is not necessary that the affidavit set forth all the facts constituting such knowledge.

3. If the declaration shows with precision what the plaintiffs' claim is, it is not necessary that it should be repeated in an affidavit to support an attachment issued in the suit, with all the detail of a pleading, where, as in this District, attachments are necessarily founded upon a claim in suit, either pending at the time, or commenced simultaneously with the application for the writ.

4. Where an affidavit to support an attachment is taken before an officer, who is described in the jurat as " Commissioner of the District of Columbia in Maryland, residing in Baltimore City," but the contents of the affidavit do not otherwise disclose where the affidavit was made, it will be presumed that the officer exercised his office within the territorial limits for which he was appointed.

5. One who claims to be the foreign assignee of a non-resident defendant in an attachment proceeding, has the right to intervene therein, in order to protect his rights; but his petition for leave

to intervene should set out the deed of assignment under which he claims, with sufficient particularity of statement to enable the court to determine whether or not, upon its face, the deed is a valid instrument, as against the attaching creditors, in the jurisdiction in which the attachment proceedings are pending.

No. 138.  Submitted November 21, 1893.—Decided December 5, 1893.

HEARING on an appeal by the plaintiffs from an order of the Supreme Court of the District of Columbia, holding a law term, quashing an attachment issued in an action of *assumpsit*. *Reversed*.

The COURT in its opinion stated the case as follows:

This is an appeal from an order quashing a writ of attachment. April 14, 1892, Matthai, Ingram & Co. filed their declaration in *assumpsit* in the Supreme Court of the District of Columbia, against John Conway, accompanied by a bill of particulars, setting out the several items of merchandise alleged to have been sold and delivered, with the dates of sale and price of each article. On the same day a writ of attachment was sued out against certain effects or credits of defendant in the hands of one P. G. Sauer, a resident of the District. In order to procure the attachment, plaintiffs filed the affidavits of William H. Matthai and H. L. Stansbury. Matthai is described in the affidavit as a member of plaintiff partnership, and Stansbury as an agent thereof. The affidavits are alike in substance, and state that affiants know of their own knowledge that John Conway is a non-resident of the District of Columbia, and is a resident of Baltimore, State of Maryland, where he has been engaged in business for more than a year last past; that plaintiffs have a just right to recover against defendant what they claim in the annexed declaration; to wit, $120, with interest from March 15, 1892, at six per cent. per annum, being the same amount and interest claimed in the annexed declaration. It is further stated that on March 29, 1892, defendant Conway delivered merchandise to the amount of $184 to Peter G. Sauer of Washington, doing business under the name and style of

P. G. Sauer & Co.; and that said P. G. Sauer & Co. now hold property and credits of defendant.

On September 6, 1892, one John B. McGraw was permitted to intervene, and filed his petition alleging that on March 29, 1892, the said John Conway made to him, for the benefit of all of his creditors, a *bona fide* and valid deed of assignment of all his property, effects, credits, etc., including those under attachment in this case, and of all of which plaintiffs had notice before filing their suit; that the same was duly recorded in Baltimore, where made, and petitioner had accepted the trust and given the bond required by law, and that the validity of the assignment had never been questioned, etc. No appearance seems to have been made for the garnishee, and the defendant Conway appeared only for the purpose of filing a motion to quash the writ of attachment. No affidavit was filed controverting the facts stated in plaintiff's affidavits. The motion to quash was sustained, and this appeal has been prosecuted from the judgment thereof.

*Mr. Chapin Brown* and *Mr. F. C. Townsend* for the appellants.

1. The statute (R. S. D. C., Secs. 782-786) does not require the affidavits in attachment to set forth the *grounds* of the *claims*. The declaration filed in the cause, either before or at the time of the filing of the affidavits in attachment, contains the cause of action. And all statutes of the States requiring the cause of action or grounds of the plaintiff's claim to be set forth in the affidavits, provide for or allow the attachment to issue before the declaration is filed, as in the State of New York. *Fredenburg* v. *Pierson,* 79 Am. Dec., Note p. 170 ; *Furman* v. *Walter,* 13 Howard, (N Y.) 378 ; *Fulton* v. *Heaton,* 1 Barb., 552 ; *Starke* v. *Marshall,* 3 Ala., 44 ; *O'Brien* v. *Daniel,* 2 Blackford, 290 ; *Irvin* v. *Howard,* 37 Ga., 18 ; Wade on Attachment, vol. 2, p. 634 ; N. Y. Code of Procedure, sec. 636 ; Drake on Att., 96 ; *In re* Hollingshead, 6 Wend. 535 ; *Smith* v. *Luce,* 14 Wend., 237.

2. While there is no *venue* properly speaking to the affidavit, yet there is attached the certificate of the officer before whom the affidavits were made, who was a United States Commissioner of Deeds (authorized by law also to administer oaths), appointed by the President of the United States, and located or residing in Baltimore city, Maryland. The affidavit shows also that the affiant was a resident of the city of Baltimore, Md., and the seal of the Commissioner has the words inscribed in it: "Ph. H. Hoffman, Commissioner of Deeds, Baltimore, Md." It is submitted that, and it is shown by the following cases, that the law will presume, in the absence of contrary proof, that the officer acted within his jurisdiction.  *Carpenter* v. *Dexter*, 8 Wall., 513; *Rackleff* v. *Norton*, 19 Me., 274; *Bradley* v. *West*, 60 Mo., 33; *Huxley* v. *Harrold*, 62 Mo., 516; *Sidwell* v. *Birney*, 69 Mo., 144; *Dunlap* v. *Daugherty*, 20 Ills., 397-8; *Reavis* v. *Cowell*, 56 Cal., 558; *Young* v. *Y.*, 18 Minn., 90; *Barnard* v. *Darling*, 1 Barb., 218; *Parker* v. *Baker*, 8 Paige, 428; Proffat on Notaries, sec. 32. If the character of the officer appears in certificate (the officer in this case *certifying* that he is a "Commissioner for the District of Columbia, in Maryland, residing in Baltimore city, and his seal containing the words as given above, Ph. H. Hoffman, Commissioner of Deeds, Baltimore, Maryland,") it is *prima facie* evidence of his authority and jurisdiction.  *Am. and Eng. Ency. of Law*, v. 1, p. 147; *Rackleff* v. *Norton, supra; Bradley* v. *West, supra.*

There was no appearance for the appellees.

Mr. Justice SHEPARD delivered the opinion of the Court:

The motion to quash contained several grounds of objection, and there is nothing in the record to show whether one or more or all of them were held to be well taken in the court below.

From the argument it appears that the objections relied on for the motion are embodied in the following points: 1. The affidavits do not set forth affirmatively that the plaintiffs have a just right to recover what they claim.  2. They

do not state that the articles referred to, or any part thereof, were ever delivered to the defendant.   3. They do not show sufficiently how the affiants know of the truth of the statements made.   4. They do not set forth the grounds of plaintiff's claim against defendant.   5. The certificates of the officer before whom the affidavits were made do not show that they were made in the State of Maryland, where the officer had authority to take affidavits.

So much of the statute as applies to the matters in controversy reads as follows: " Writs of attachment and garnishment shall be issued by the clerk, without any authority or warrant from any judge or justice, whenever the plaintiff, his agent or attorney, shall file in the clerk's office, whether at the commencement or during the pendency of the suit, an affidavit, supported by the testimony of one or more witnesses, showing the grounds upon which he bases his affidavit and also setting forth that the plaintiff has a just right to recover against the defendant what he claims in the declaration, and also stating either, first, that the defendant is a non-resident of the District" . . . R. S. D. C., Sec. 782.

We think that the affidavits sufficiently comply with the substantial requirements of the statute.   They show that the defendant is a non-resident of the District, in the language of the statute itself, and then go further and show that he is a resident of Maryland.

They show that defendant has effects and credits in the District subject to the attachment, and that plaintiffs have a just right to recover against the defendant what they claim in the declaration, viz., $120, with interest from March 15, 1892.   The declaration on file is expressly referred to, and in it, considered specially in connection with the attached bill of particulars, plaintiff's claim or demand is set out with precision.   It is for goods sold and delivered upon the dates, in the amounts, and for the prices stated.   The means of knowledge of the affiants sufficiently appears.   One was a member of the partnership plaintiff in the action, while the other states that he is the agent of plaintiffs and acquainted

with their business, and "knows of his own knowledge" that plaintiffs' claim, as stated in the declaration, is just, &c. He does not say that he believes the claim a just one, nor does he refer to the statement or information of others as the ground for his affidavit; but says that it is of "his own knowledge." It is not necessary that the affidavit set forth all the facts constituting this knowledge.

In this jurisdiction, attachments are necessarily founded upon a claim in suit, either pending at the time, or commenced simultaneously with the application for the writ. When the declaration shows with precision what the plaintiff's claim is, it would be unnecessary to require its repetition in the affidavit with the substantial detail of a pleading, as may well be the case in some other jurisdiction, where the writ of attachment may be sent out before the filing of the declaration.

Some other questions are presented on the part of the appellant with respect to the proper interpretation of the statute concerning attachments. There is no appearance in this court on behalf of the appellee, and as these questions are not necessary to be decided in arriving at our conclusions, we will not express our opinion regarding them.

The objection to the forms of the affidavits, on the ground that they do not appear upon their faces to have been made in Maryland, is not well taken. They appear to have been taken before "Philip H. Hoffman, Commissioner of the District of Columbia in Maryland, residing in Baltimore city," and we will presume that the officer exercised his office within the territorial limits for which he was appointed. *Carpenter* v. *Dexter*, 8 Wall., 513; *Parker* v. *Baker*, 8 Paige Ch., 428; *Struthers* v. *McDowell*, 5 Neb., 491; Proffatt on Notaries, Sec. 66.

We do not think that the court erred in permitting the assignee, McGraw, to intervene in the case. His petition states enough to show that he has sufficient interest to make him a proper party to the proceedings in order to protect his rights, though it may be defective in not setting out the deed

of assignment under which he claims title to the attached effects or credits, with such particularity of statement as that the court may determine whether or not, upon its face, it is a valid instrument in this District as against attaching creditors. If excepted to on these grounds the intervenor might amend.

For the error in quashing the writ of attachment *the judgment rendered below must be reversed, with costs to the appellant, and the cause remanded for further proceeding not inconsistent with this opinion.*