**William Moorehead, Defendant in Error, v. George W. Briggs, Administrator, Plaintiff in Error.**

**Gen. No. 14,634.**

1. AMENDMENTS AND JEOFAILS—*how affidavits cannot be amended.* It is improper to permit an affidavit to be amended by erasures or interlineations; if an affidavit is so amended without being resworn to, it ceases to be either an affidavit or an amended affidavit.

2. PARTIES—*when action is against individual rather than against him in a representative capacity.* A party sued merely "as administrator" is sued in his individual capacity; the words "as administrator" being merely *descriptio personæ* and regarded as surplusage.

Replevin. Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed November 19, 1909. Petition for rehearing withdrawn February 17, 1910.

CHARLES G. HUTCHINSON, for plaintiff in error.

M. W. CAGNEY, for defendant in error.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

William Moorehead, defendant in error, brought suit in replevin against George W. Briggs, "as administrator," in the Municipal Court. The bailiff to whom the writ of replevin was issued, being unable to find the goods described in the writ, made a return to that effect and of demand and service upon Briggs, "individually or as administrator." There was a trial by jury, verdict for plaintiff, and a judgment in trover for $200 against George W. Briggs.

Prior to the commencement of the trial plaintiff moved for and obtained an order which, so far as now material, is as follows: "It is ordered by the court that leave be, and the same is, hereby granted the plaintiff to amend the affidavit of replevin herein by striking out the words 'individually or'." These words

appeared in the affidavit before the word "adminis-trator."

Following decisions of the Supreme Court, we have, not long since, condemned the practice of trial courts permitting amendments of pleadings by erasures or interlineations. Such practice becomes still more objectionable and dangerous when an affidavit is involved. No trial court should allow erasures or interlineations in an affidavit. The purpose of the law, in requiring an affidavit instead of an unsworn statement, is practically nullified when, as in this instance, an affidavit is allowed to be amended without being again sworn to before an officer authorized to administer oaths. It is the duty of the courts, generally, to permit amendments of pleadings and the filing of new or additional affidavits. But the interests of parties and the public should be safeguarded by requiring that court records and court documents should, when amended, be amended in a proper manner. An affidavit should be amended only by the filing of an amended affidavit, sworn to. An affidavit merely altered is, in the true sense, neither an amended affidavit nor an affidavit amended.

The controversy herein is in regard to the ownership of the household furniture and goods which plaintiff, William Moorehead, and his deceased wife, Sarah A. Moorehead, had used in their household for somewhere about ten to fifteen years. Plaintiff is a workingman who, with his wife and family, came here from Ireland in 1891 and the furniture has been purchased since then, from time to time. Defendant is one of plaintiff's several stepchildren. Mrs. Moorehead died in 1906 or 1907, the date is not shown, and, apparently, some time thereafter defendant, Briggs, caused himself to be appointed administrator of the estate of his mother, Mrs. Moorehead. Subsequently he, in the absence of the other members of the family, took away the household goods and furniture. For these goods the replevin writ herein was issued. We find no reason whatever, so far as the merits are concerned, for

disturbing the verdict of the jury approved, as it is, by the judgment of the trial judge.

The argument is made on behalf of plaintiff in error that the judgment runs against George W. Briggs individually while the suit was brought and prosecuted against George W. Briggs "as administrator of the estate of Sarah A. Moorehead, deceased." We find nothing in the record to support the assertion in the statement of facts on behalf of plaintiff in error that the suit proceeded against Briggs as administrator of said deceased. True, the affidavit originally named Briggs "individually or as administrator" party defendant and the writ ran against him "individually or as administrator," but, nothing being said or stated as to whom or what he was administrator for or of, the quoted verbiage was entirely superfluous and meaningless. The suit was at all stages conducted against him in his individual capacity and the verdict and judgment are, in that respect, perfectly proper.

As we find no reversible error in the record the judgment must be affirmed.

*Affirmed.*