460    APPELLATE COURTS OF ILLINOIS.

Gypsum Fireproofing Co. v. Nelson & Lewin, 205 Ill. App. 460.

## Gypsum Fireproofing Company, Appellee, v. Nelson & Lewin, Appellant.

### Gen. No. 22,412.

MUNICIPAL COURT OF CHICAGO, § 13*—*when additional affidavit in support of statement of claim is necessary.* In an action in the Municipal Court of Chicago to recover the value of goods, where the action was originally brought by the United States Gypsum Company, a corporation, and a statement of claim was supported by the affidavit of a person described as the agent of the plaintiff, and an affidavit of merits was filed denying all liability, and subsequently the "Gypsum Fireproofing Company," a corporation, was substituted as plaintiff and no additional affidavit in support of the claim of the substituted plaintiff was filed, and defendant was ruled to file another affidavit of merits, and, upon failing to file such affidavit, a default judgment was entered, *held* that presumably the substituted plaintiff was a corporation distinct from the plaintiff; and as it did not appear that the agent whose affidavit supported the statement of claim was also the agent for the substituted corporation, proof of plaintiff's claim was indispensable, as the affidavit to the original statement of claim was not amended by such substitution of parties, and a default judgment was accordingly improperly entered.

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed May 1, 1917.

BEN M. SMITH, for appellant.

EASTMAN, WHITE & HAWXHURST, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

By this appeal it is sought to review and reverse a judgment entered in favor of appellee (plaintiff below) against appellant, for the value of certain goods, wares and merchandise alleged to have been sold by the former to the latter:

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The action was originally brought by the United States Gypsum Company, a corporation. The statement of claim was supported by the affidavit of one H. C. Dawson, who was therein designated as the "agent of the plaintiff." To this statement of claim the defendant filed an affidavit of merits denying any and all liability to the said United States Gypsum Company.

Subsequently, upon motion, the cause was amended by substituting as plaintiff the Gypsum Fireproofing Company, another corporation. No additional affidavit was filed in support of the claim of the substituted plaintiff. Defendant was then ruled to file another affidavit of merits within ten days, which it failed to do, whereupon a default judgment was entered against it in the sum of $1,302.52.

The controlling question here presented for determination is, whether or not there is any evidence in the record to support the judgment complained of.

Presumably the United States Gypsum Company and the Gypsum Fireproofing Company are separate and distinct corporations, there being nothing in the record to indicate the contrary. Nor does it appear that the said Dawson was also the agent for the latter corporation. While the original affidavit made by the said Dawson stated that he was the agent of the plaintiff, yet from such recital it does not follow that he was also agent for the Gypsum Fireproofing Company; and although the pleadings were amended by the substitution of parties plaintiff, the affidavit could not be amended in this manner. (*Campbell v. Whetstone*, 4 Ill. (3 Scam.) 361; *Moorehead v. Briggs*, 152 Ill. App. 361.) Under such circumstances, proof of plaintiff's claim was indispensable, in the absence of which the court erred in entering a default judgment against the defendant. Accordingly the judgment must be reversed and the cause remanded.

*Reversed and remanded.*