## DIEBLER v STATE

Ohio Appeals, 5th Dist, Richland Co

Decided Sept 22, 1932

Culp & Rust, for plaintiff in error.
Wm. F. Black, Mansfield, for defendant in error.

MONTGOMERY, J.

With the contention of the prosecution, we do not agree. These statutes are to be construed strictly. Power is given to amend the warrant or information and to change the charge to meet the evidence. The stat-

ute does not give the magistrate or prosecutor the authority to change the affidavit upon which the warrant is issued. The reason for the distinction is apparent. Information is filed by an officer of the court. A warrant is issued by an officer of the court. Information and warrant are public documents. An affidavit is the act of an individual for the signing of which such individual is and holds himself or herself out to be responsible. No court or public officer has authority to force an individual to say something different from what that individual actually did say or express a willingness to say. The makers of the statute carefully refrained from including affidavits in the list of documents which might be amended.

It follows, therefore, that the Municipal Court of the city of Mansfield, Ohio, was without authority to change the language in the affidavit or to permit its change without the authority of the person making the affidavit and was without authority to proceed with the hearing in the absence of an oath administered to the affiant after the change. The judgment of conviction by the Municipal Court of the city of Mansfield, Ohio, and the judgment of the Court of Common Pleas of Richland County, Ohio, in affirming that conviction are reversed. Plaintiff in error is discharged. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.