### SNYDER v STATE ex McCOY

Ohio Appeals, 5th Dist, Stark Co

No 1602. Decided Oct 19, 1935

Paul J. Gnau, Canton, for plaintiff in error.

Edgar W. Jones, Canton, for defendant in error.

## OPINION

**By LEMERT, PJ.**

There are four grounds of error urged in this case as to why this judgment should be reversed—First, that the finding and judgment is against the manifest weight of the evidence; Second, that the record of the bastardy proceeding and the release executed in settlement thereof constitute a complete defense to this action; Third, that the Juvenile Court has no jurisdiction when the prosecution is based upon an affidavit; Fourth, that it was error for the trial court to allow an amendment to the affidavit after submission of the cause.

From an examination of the record before us, the contention that the evidence fails to establish the paternity of the child, is not well taken. The record conclusively shows otherwise. The evidence of the complaining witness on the subject of paternity stands uncontradicted in the record.

On the second claimed ground of error, plaintiff in error raises the question whether defendant's Exhibits 1 to 4, inclusive, the record in the bastardy proceeding, and the release executed in connection with the settlement thereof, are admissible in evidence in this proceeding. Inasmuch as no other evidence was offered on behalf of the defendant, this question then becomes merged in the larger one, namely, whether a settlement of the bastary proceedings and the release executed by the complainant in connection therewith purporting to release, discharge and save harmless the defendant from all claims which may be asserted by the complainant herein is a bar to the prosecution of an action brought under §1655 GC for non-support of a minor illegitimate child. We are of the opinion that such a release does not constitute a defense, for the reason that §§12114 and 12123 GC provide, in part, as follows:

"Provided, however, that nothing in this section shall be construed as a bar to the prosecution of the accused for failure to support his illegitimate child or children under the provisions of any statute providing for the prosecution and punishment for the non-support of legitimate or illegitimate children."

It was held in **Pummell v State ex Hill, 22 Oh Ap 340, (5 Abs 309)** as follows:

"The plain purpose of this provision is to separate and divorce the interests of the mother from those of the child and to leave

the latter's rights and the public's rights against the father wholly unaffected by the result of the action brought by the mother."

In 5 O. Jur. 583, we find that satisfaction of a bastardy proceeding, and a compromise under the bastardy act are not bars to a prosecution under §§13008 or 1655 GC.

A prosecution of this sort for non-support is for the benefit of the public, who might be burdened with the support of the child if the parents failed to support it, and for the benefit of the child. While the mother may be the complaining witness, she has no interest in such recovery.

On the third claimed ground of error, to-wit: that the Juvenile Court has no jurisdiction over violations of §1655 GC, when the prosecution is based upon an affidavit, we have to say that the Supreme Court of Ohio has settled this question in the case of Webster v State ex Altick, 129 Oh St 308. The court held that the clause in §1683-1 GC giving to the Juvenile Court jurisdiction of all offenses against minors, means misdemeanors committed against minors and that, therefore, violations of §1655 GC are within §1683-1 GC providing for prosecution by affidavit.

On the fourth claimed ground of error, the question is raised as to whether or not it was error for the trial court, after the submission of the case and after both parties had rested, to allow the affidavit to be changed or amended. The affidavit herein, as first filed and sworn to by the complainant, charged Russell Snyder with being the father of Ronald William McCoy, a minor under the age of eighteen years. After all the evidence was in, the court ordered that said affidavit be and it hereby is amended in the following particulars: 1. By inserting the words "an illegitimate child" after the word "father," and in two places after the words "Ronald William McMCoy," by changing the words "under the age of eighteen years" to the words "under the age of sixteen years."

The original affidavit was sworn to by the mother and was made before the deputy clerk of the Juvenile Court. The changes above referred to were made by the court and after the submission of all the evidence in the case, and the affidavit, as changed, was not again verified.

This court, sitting in Richland County, Ohio, in the case of Diebler v State of Ohio, 43 Oh Ap, 350 (13 Abs 20) held:

"An affidavit is the act of an individual, for the signing of which such individual is and holds himself or herself out to be responsible. No court or public official has authority to force an individual to say something different from what that individual actually would say or express a willingness to say."

Sec 13437-7 GC provides in part, as follows:

"Indictments or information shall not be invalid, and the trial, judgment or other proceedings stayed, arrested or affected by * * * or for other defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits."

It will be noted that the makers of the above statute carefully refrained from including affidavits in the list of documents which might be amended.

It must be borne in mind that there are no common law crimes in Ohio. They are purely statutory, and all criminal statutes must be strictly construed. There is a reason why an affidavit should not be changed, as was done in the instant case, and the right to make such a change in an affidavit should and must be distinguished from the right or power of the court to make or change an indictment or information.

An indictment is a written, legal accusation made against one and presented by a grand jury. An information is a charge or accusation made by a court or some officer thereof, and an affidavit is a charge made and perfected by an individual.

Sec 1655, GC, under which this action was brought, provides for two separate and distinct offenses: One, for the non-support and so forth, of a minor child under the age of eighteen years, and the other for the non-support and so forth, of an illegitimate child under the age of sixteen years.

Another good and sufficient reason for reversing this case is that the affidavit as changed and amended was not again re-verified, and the defendant or accused was never arraigned upon said affidavit, neither does the record show that he made any plea thereto, so that we have this conviction upon an affidavit without a plea, arraignment or verification.

For the above reasons, this cause is reversed and remanded to the Court of Common Pleas for further proceedings according to law.

MONTGOMERY and SHERICK, JJ, concur.