## TOLEDO (city) v HARRIS

Ohio Appeals, 6th Dist, Lucas Co

Decided Feb 23, 1937

Martin S. Dodd, Director of Law, Toledo, and Merritt W. Green, Toledo, for appellee.
Ira Bame, Toledo, for appellant.

## OPINION

By CARPENTER, J.

In the Municipal Court of Toledo, the appellant, Ben Harris, was charged with the violation of an ordinance of that city. The affidavit by which that charge was preferred was captioned "The State of Ohio, Lucas County, City of Toledo," and the material part of it was as follows:

"That on or about the 28th day of April, A. D. 1936, at the said city and county, one Ben Harris did unlawfully engage in a game of chance for money, to-wit: promote, carry on and be concerned in the 'Superior' number or policy game with headquarters at 112 Superior Street, * * * and further deponent says not; contrary to the form of an ordinance of said city in such cases made and provided."

To this charge defendant pleaded "not guilty." Trial by jury was waived and trial had to the court. At the conclusion of the evidence for the city, the prosecutor asked leave of court to amend the affidavit "to also include the headquarters of the Superior number game located at 114, 116, 118, 120." The leave was granted and after the words "112 Superior St." were added the words "also 114-116-118-120 Superior St." To this the defendant objected.

The affidavit was not reverified, the defendant was not arraigned upon it, nor did he plead to it as amended. He was given opportunity to further cross-examine all the witnesses, but did not do it. Without offering any evidence, the defendant rested and moved for a directed verdict, which motion was overruled, and the court found the defendant guilty, and, after a motion for a new trial had been overruled, sentence was imposed.

On appeal to the Court of Common Pleas that judgment was affirmed, and appeal was taken to this court.

The errors assigned with reference to the trial are in two groups; one relates to the so-called amendment to the affidavit, and that it was not reverified, and no plea was entered to the charge as amended. The other error relates to the weight and sufficiency of the evidence.

With reference to the amendment to the affidavit, the first question is: Did the court have power or authority to make or permit a valid change in it?

Before an affidavit charging a crime is filed in court it is the personal and private paper of the affiant and he may do with it what he pleases. After it is filed, it belongs to the public, it is out of the control of the affiant. Without permission from the court, he cannot then withdraw it or the charge it makes, nor can he change it.

On filing it, the forces of the court, the processes of justice, are set in motion.

Our criminal law and procedure is entirely statutory. In §13437-29, **GC**, we find express authority for amendment of indictments and informations. §13433-2, **GC**, gives the court "power to amend the warrant or information." Nowhere is there

given power to amend an affidavit, and the fact that provision for ▮▮▮ amendment of indictments and informations is expressly given, but no such power is extended as to affidavits, indicates the purpose not to give such power. There is good reason for this. An indictment is the product of a branch of the court, the grand jury; an information of an officer of the court, the prosecuting attorney, hence the court can exercise control over its own pleading. An affidavit is sponsored by an individual. It must be sworn to by him. To change his sworn statement and make him say under oath something he has not said, and might be unwilling to say, would indeed be a dangerous procedure. **Deibler v State, 43 Oh Ap 350, 183 NE 84, (13 Abs 20); Snyder v State ex McCoy, 53 Oh Ap 370, 4 NE (2d) 933, (20 Abs 292);** Moorehead v Briggs, Admrx., 152 Ill. App. 361.

If it is changed and then reverified, these difficulties are obviated, but a ▮▮▮ new affidavit results, and if done during a trial, may require some change in the procedure of the case.

From this it is clear that even the court has no power to change an affidavit in a pending criminal proceeding. An attempt to do so, as in this case, does not change it; the charge against the accused remains the same.

But what effect did the attempted amendment have upon the rights of the parties in this case? Did the situation then presented require any change of procedure?

Why the prosecution should ask to amend the affidavit is not apparent upon the record. The venue of the offense was laid in the usual terms as in the city of Toledo and county of Lucas. Ordinarily, this is sufficient allegation of venue, and proof of the acts charged anywhere within the venue so laid is all that ▮▮▮ is required. The addition of a street address at all was unnecessary, unless the ordinance under which the affidavit was drawn expressly required such particularization, and the one involved herein contained no such requirement.

This prosecution was preceded by and grew out of a search of 112 Superior Street on an affidavit filed and warrant issued for the purpose. In that proceeding, of course, the premises to be searched had to be described with certainty.

The trial in this case was to the court

without a jury. The attempted amendment was made at the close of all the evidence which tended strongly to connect the defendant with the promotion and carrying on of a number of policy game with 112 Superior Street as its headquarters just as the affidavit charged. In fact, the evidence tends to prove that the number game was also operated from 114, 116, 118 and 120 Superior Street, which the defendant admittedly occupied, and which were adjacent to 112 Superior Street.

While the failure of the defendant to testify may not have been evidence against him, the fact that he did not deny or explain the incriminating acts and conduct attributed to him by the evidence of the prosecution, lent strength to that evidence, which as the record now stands was sufficient to sustain the finding of the trial court on the charge as made in the affidavit.

The judgment cannot be reversed for errors "unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial." §13449-5, GC.

From this record we cannot say prejudice resulted to the defendant from the error of attempting to add to the affidavit or that the proof is insufficient. The judgments of the Municipal and Common Pleas Courts are affirmed.

Judgment affirmed.

LLOYD and OVERMYER, JJ, concur.