CITY OF IRONTON, APPELLEE, *v.* BUNDY, APPELLANT.

(No. 870—Decided April 9, 1954.)

*Mr. Homer M. Edwards,* city solicitor, for appellee.
*Messrs. Riley & Riley,* for appellant.

COLLIER, J. The appellant, David Bundy, on December 9, 1953, was convicted of a criminal offense in the Municipal Court of the city of Ironton, Ohio, and the judgment was affirmed by the Common Pleas Court of Lawrence County. The original affidavit charging the alleged offense reads as follows:

"David Bundy did unlawfully fail to obey an officer in line of his duty, one, Officer Robert Griffith. Con-

trary to the ordinance in such case made and provided and against the peace and dignity of the city of Ironton. (Signed) Robert Griffith."

The defendant, appellant herein, objected to the sufficiency of this affidavit and thereupon the city solicitor moved to amend the affidavit in the following manner:

"That David Bundy did unlawfully fail to comply with the lawful order and a lawful signal of a police officer, contrary to Chapter 9, Article 1, Section 4 of the Code of the City of Ironton, Ohio."

The trial court sustained this motion and allowed the affidavit to be amended in the manner above set forth. The amended affidavit was not verified. To all of which the defendant objected and saved his exceptions to the ruling of the court as a matter of record.

The question presented is whether, in the trial of a criminal case, the court has authority to allow the affidavit charging the offense to be amended without verification by the individual preferring the charges. This question has been before the reviewing courts of Ohio on several occasions and the ruling is definitely established that courts have no such authority. It is held in the syllabus in the case of *Diebler* v. *State*, 43 Ohio App., 350, 183 N. E., 84:

"A court or magistrate is without authority to amend or change an affidavit in a criminal action without a new verification by the affiant, or to force an accused to trial upon an affidavit so amended or changed."

See, also, *Snyder* v. *State, ex rel. McCoy*, 53 Ohio App., 370, 4 N. E. (2d), 993; and *City of Toledo* v. *Harris*, 56 Ohio App., 251, 10 N. E. (2d), 454.

Section 2941.30, Revised Code (Section 13437-29, General Code), expressly provides authority for amendment of indictments and informations, but nowhere in our statutes is there given power to amend

an affidavit. There are no common-law crimes in Ohio. They are all purely statutory, and all criminal statutes must be strictly construed. Likewise, criminal procedure in Ohio is prescribed by statute and, in the absence of statutory authority to amend an affidavit, no such authority exists.

An indictment is a written, legal accusation made against one and presented by a grand jury; an information is a charge or accusation made by a court or some officer thereof; and an affidavit is a charge made and preferred by an individual. The court may exercise control over its own pleadings such as an indictment or information but has no authority to change a sworn statement contained in an affidavit made by an individual without verification by the affiant. In the instant case the defendant was tried upon an unsworn charge and it is a statutory requirement in a criminal action that the affidavit must be sworn to by the individual preferring the charges.

We, therefore, conclude that the Municipal Court was without authority to proceed to trial upon the unverified amended affidavit and we do not find it necessary to consider the record to determine whether or not the evidence is sufficient to establish the defendant's guilt. The judgment of the Common Pleas Court affirming the judgment of the Municipal Court finding the defendant guilty is reversed.

*Judgment reversed.*

GILLEN, P. J., and McCURDY, J., concur.