The State of Ohio, Appellee, *v.* Jennings, Appellant.

(No. 185—Decided October 31, 1959.)

*Mr. William J. Hunter,* for appellee.
*Messrs. Durbin, Navarre, Rizor & DaPore* and *Mr. Russell C. Price,* for appellant.

Middleton, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas affirming a judgment, and sentence of the defendant, by the Municipal Court of Upper Sandusky. On June 2, 1958, an affidavit of complaint was filed in the Municipal Court of Upper Sandusky charging the defendant with operating a vehicle while intoxicated upon a public highway, namely U. S. Route No. 30 North. The transcript filed in the case does not disclose any arraignment of or plea by the defendant to this affidavit. However, he gave bond for his appearance, and upon his request the trial was continued

on several occasions. He also filed with the court a request for trial by jury. Upon the day of trial, on August 4, 1958, and prior to the *voir dire* examination of prospective jurors, the prosecuting attorney offered a so-called "substitute" affidavit. The court permitted the filing of the "substitute" affidavit, to which order the defendant entered a general objection. A copy of the substitute affidavit was forthwith served upon the defendant in court. The substitute affidavit, omitting the formal parts, charged "one Lockwood Jennings, an adult person forty-five years of age while under the influence of intoxicating liquor did operate a 1957 Oldsmobile automobile bearing license number 2220 YY upon a public highway, namely, U. S. Route No. 30, at approximately eight miles east of the village of Upper Sandusky in Wyandot County, contrary to Section * * * 4511.19 of the Revised Code of Ohio."

Trial proceeded before a jury upon the substitute affidavit and resulted in a verdict of guilty. Motion for new trial was filed and overruled, and the defendant was thereafter sentenced. Notice of appeal to the Court of Common Pleas of Wyandot County was given, and upon hearing the court affirmed the judgment of the Municipal Court. From this judgment of the Court of Common Pleas, appeal is prosecuted to this court. In the Court of Common Pleas a separate assignment of errors was filed by the appellant. In this court, no separate assignment of errors was filed; however, in the defendant's brief, the same claims of error were urged as set forth in the assignment of errors filed in the Court of Common Pleas. In his assignment of errors, the defendant claims, among others, error in the proceedings and judgment of the court, in that the defendant was not served with an affidavit charging the offense until the day of trial, and that he was not given an opportunity to plead to such affidavit. Defendant was placed on trial upon the substitute affidavit. It is the contention of the state that the substitute affidavit was an amendment of the original affidavit and authorized by the provisions of Section 2941.30, Revised Code, which read in part:

"The court may at any time before, during, or after a trial amend the indictment, information, or bill of particulars, in respect to any defect, imperfection, or omission in form or sub-

stance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.''

That section permits the amendment of indictments, informations, or bills of particulars. There is no authority given to the court in that section to amend an affidavit.

''Our criminal law and procedure is entirely statutory. In Section 13437-29, General Code, we find express authority for amendment of indictments and informations. Section 13433-2, General Code, gives the court 'power to amend a warrant of information.' Nowhere is there given power to amend an affidavit, and the fact that provision for amendment of indictments and informations is expressly given, but no such power is extended as to affidavits, indicates the purpose not to give such power.'' *City of Toledo* v. *Harris*, 56 Ohio App., 251, 253, 10 N. E. (2d), 454.

We are of the opinion that the law is well settled in Ohio that amendments to affidavits filed in criminal actions are not permitted under authority of Section 2941.30, Revised Code.

The so-called ''substitute'' affidavit which was filed and upon which defendant was tried was not an amended affidavit, but a new affidavit. In filing the new affidavit, the original affidavit was abandoned by the state and no longer had life. The defendant was not arraigned upon this new affidavit, nor was he given an opportunity to enter a plea thereto. We have in this case, as in the case of *Snyder* v. *State, ex rel. McCoy*, 53 Ohio App., 370, 4 N. E. (2d), 993, a conviction of defendant upon an affidavit without arraignment or plea. Without arraignment and plea, the court was without jurisdiction to proceed to trial. This assignment of error is sustained.

Defendant further claims that the court erred in its charge to the jury, which was as follows:

''Under the influence of intoxicating liquor means exactly what it says, and that some intoxicating liquor must have been drunk by the person, the amount being immaterial, but the effect of which causes some influence on that person at the time and place alleged in the affidavit. This is a very short explanation, but very expressive and very definite.''

This statement of the law the court finds to be incomplete, erroneous and prejudicial, and in conflict with the special instructions given the jury before argument. The special instruc-

tion, as given, we believe to be a correct statement of law, as this court has heretofore held in *State* v. *Neff*, 104 Ohio App., 289, 148 N. E. (2d), 236, and *State* v. *Steele*, 95 Ohio App., 107, 117 N. E. (2d), 617.

The defendant also assigns error in the proceedings in that he was served with the "substitute" affidavit while he was in the courtroom. This, he claims, was a violation of Section 2331.12, Revised Code. Section 2331.13, Revised Code, provides: "Sections 2331.11 to 2331.14, inclusive, of the Revised Code do not extend to cases of treason, felony, or breach of the peace * * *." It is the holding of this court that operating an automobile on a public highway while under the influence of intoxicating liquor constitutes a breach of the peace, which offense is excepted from the provisions of Section 2331.12, Revised Code.

While an automobile may not be a dangerous instrument per se, however, when it is being operated by one under the influence of intoxicating liquor, it becomes a dangerous instrument, and when so operated, it becomes a public menace and one so operating the motor vehicle is guilty of a breach of the peace.

This assignment of error is not well taken.

We find no other prejudicial error as set forth in the assignment of errors and argued orally or by brief. For the errors hereinbefore set out the judgment of the Court of Common Pleas affirming the judgment of the Municipal Court of Upper Sandusky must be reversed.

Having reached the conclusions we have, it is not necessary to comment at length upon the other assignments of error. The reversal of the judgment of the Common Pleas Court does not, however, require the discharge of the defendant. The Municipal Court of Upper Sandusky still has jurisdiction of the person of defendant under the new or "substitute" affidavit, and to arraign the defendant upon such affidavit and to take his plea thereto. The judgment of the Court of Common Pleas affirming the judgment of the Municipal Court of Upper Sandusky is reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed.*

YOUNGER, P. J., and GUERNSEY, J., concur.