The State of Ohio, Appellee, *v.* Walker, Appellant.

[Cite as State v. Walker, 20 Ohio App. 2d 179.]

(No. 9469—Decided November 12, 1969.)

*Mr. John C. Young,* city attorney, *Mr. Thomas S. Erlenbach* and *Mr. Thomas H. Bainbridge,* for appellee.
*Mr. Walter W. Grelle, Jr.,* for appellant.

Strausbaugh, J. This is an appeal from a conviction in the Franklin County Municipal Court for the offense of operating a motor vehicle while under the influence of alcohol. Defendant appealed to the Common Pleas Court, which affirmed his conviction, from which this appeal is taken on questions of law. The judgment is affirmed.

The defendant complains in his third assignment of error that the trial court erred in amending the affidavit to change the date of the alleged offense from March 22, 1967, to August 22, 1967, which was done after a *voir dire* examination of the prosecuting witness at the commencement of the trial. Assignments of error, four through seven, indirectly involve the same question. It should be noted that only a partial bill of exceptions was filed in this appeal. The officer had testified on *voir dire* examination, while under oath, that the month of March was an error and that the month of August was correct. In another place, in the

body of the affidavit, there was contained the correct date of August. Defendant, appellant herein, makes no claim that the date of the alleged offense was a matter in dispute during the trial.

Defendant relies upon *State* v. *Jennings* (1959), 112 Ohio App. 455, which held in paragraph one of the syllabus that:

"A Municipal Court is without authority to amend an affidavit filed in a criminal action pending before it."

Similarly, the court in *Ironton* v. *Bundy* (1954), 98 Ohio App. 416, held that in the trial of a criminal case the court has no authority to allow the affidavit charging the offense to be amended without verification by the individual preferring the charge.

Both courts, in their opinions, cited with apparent approval the case of *Toledo* v. *Harris* (1937), 56 Ohio App. 251, wherein the court said at page 253:

"Our criminal law and procedure is entirely statutory. * * * Nowhere is there given power to amend an affidavit, and the fact that provision for amendment of indictments and informations is expressly given, but no such power is extended as to affidavits, indicates the purpose not to give such power. * * *"

At that time, in 1937, Section 13437-34, General Code, read as follows:

"In prosecutions for misdemeanor in the Court of Common Pleas, indictment by the grand jury shall not be necessary, but such prosecution may be upon information filed and verified by the prosecuting attorney of the county, or by affidavit when such method is by statute especially provided. The provisions of law as to form and sufficiency, amendments, objections and exceptions to indictments and as to the service thereof shall apply to such *informations.*" (Emphasis added.)

However, effective August 23, 1945 (121 Ohio Laws 121), that section was amended to read as follows:

"Prosecutions for misdemeanor may be instituted by the prosecuting attorney of the county by affidavit or such other method as may be provided by law in such courts as

have original jurisdiction in misdemeanors. The provisions of law as to form and sufficiency, *amendments*, objections and exceptions to indictments and as to the service thereof shall apply to such *affidavits* and warrants issued thereon.'' (Emphasis added.)

At the time the opinion was rendered in *Toledo* v. *Harris, supra*, in 1937, the court was correct in stating that the statutes gave no power to amend an affidavit.

However, the courts in *Jennings* and *Bundy, supra*, make no reference to the change in the law in 1945 by the General Assembly.

This court, in *State* v. *Chrisman*, No. 8134, decided April 26, 1966, held that, where an indictment or an affidavit fails to allege an essential element of a crime, it is void and is not amendable (citing *State* v. *Latham* [1964], 120 Ohio App. 176), concluding that the Municipal Court was without authority to proceed to trial upon an unsworn, amended affidavit. The court relied upon *State* v. *Jennings, supra; Ironton* v. *Bundy, supra; Toledo* v. *Harris, supra;* and *Diebler* v. *State* (1932), 43 Ohio App. 350.

The Supreme Court reversed this court in the *Chrisman case* (1966), 9 Ohio St. 2d 27, on the basis that the defendant, by his counsel, specifically consented to the method of amendment and continued his plea of not guilty and proceeded with trial, thus waiving any objection to the want of verification.

The statement of this court with reference to lack of authority of the Municipal Court to proceed to trial upon the unsworn, amended affidavit falls into the same trap as did the courts in *Jennings* and *Bundy, supra*. However, the facts in *Chrisman* can easily be distinguished from this case in that in *Chrisman* the original affidavit did not state an offense, and, to that extent, *Chrisman* is still to be considered a correct pronouncement of the law. Where an indictment does not state an offense, it is void and not amendable under the provisions of Section 2941.30 of the Revised Code. In the instant case the original affidavit clearly states an offense but only contains an error as to the date, there being two different dates stated in the same affida-

vit. There is no controversy that the arrest took place on August 22. Obviously, the reference to March 22 was an error.

Although the language has been somewhat altered, the provisions of Section 13437-34, General Code, are substantially the same in Section 2941.35 of the Revised Code. When this section is read with Section 2941.30, Revised Code, which deals with the amendment of an indictment, it is observed that the trial court was correct in amending the affidavit. Section 2941.30, Revised Code, reads as follows:

"The court may at any time before, during, or after a trial amend the indictment, information, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * *"

It is abundantly clear that since the amendment of the statute previously referred to in August 1945, and under the law as provided under Sections 2941.35 and 2941.30, the trial court was correct in amending the affidavit herein.

We find the other assignments of error to be without merit and do not warrant discussion. The judgment is affirmed.

*Judgment affirmed.*

TROOP, P. J., and LEACH, J., concur.