OPINION
Defendant-appellant Timothy Gwynn appeals his conviction and sentence in the Licking County Municipal Court on one count of operating a motor vehicle while intoxicated, in violation of R.C.4511.19, and one count of operating a motor vehicle without properly functioning license plates lights, in violation of Health Ordinance 335.10. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
At 3:00 a.m. on June 1, 1997, Patrolman David T. Kendall of the Heath Police Department observed appellant drive a red Chevy truck into the parking lot of the Duke Shoppe. Appellant exited his vehicle and entered the store. After leaving the store, appellant stopped to speak with an individual, who was engaged in a conversation with Patrolman Kendall. As appellant spoke, Kendall noticed an odor of alcohol emanating from appellant's person.
Appellant returned to his vehicle and drove southbound on State Route 79. After following appellant for a short distance, Patrolman Kendall observed appellant operate his truck over the white line and, immediately thereafter, cross the yellow line. The patrolman also noticed the truck did not have a working license plate light. Patrolman Kendall initiated a traffic stop for these violations.
When Patrolman Kendall asked appellant for his operator's license, appellant looked for the requested item and then informed the officer he did not have it with him. The officer asked appellant to step out of the vehicle. Patrolman Kendall noticed appellant's eyes were glassy and bloodshot, and his speech was impaired. Appellant admitted to the officer he had had four or five beers, but explained he had only been drinking since about 1:30 a.m. After conducting field sobriety tests, appellant was arrested and taken to the Heath Police Department. Appellant submitted to a breath alcohol test, which revealed he had a blood alcohol level above the legal limit. Thereafter, appellant was cited for operating a motor vehicle while under the influence and for the license plate light violation.
At his arraignment on June 4, 1997, appellant entered a plea of not guilty. In an Order filed June 5, 1997, the trial court scheduled a bench trial for July 23, 1997. After appellant filed a Jury Demand on July 11, 1997, the trial court converted the July 23, 1997 trial date to a pre-trial conference. Via Court Order dated July 14, 1997, the trial court scheduled a jury trial for August 7, 1997.
On July 23, 1997, appellant filed a Demand for Discovery, Bill of Particulars, and Plaintiff's Intended Evidence in Chief. Subsequently, on July 30, 1997, appellant filed a motion to compel requesting the trial court order the State to respond to his July 23, 1997 Demand for Discovery. Appellant explained that recent newspaper, television, and/or radio reports announced the Ohio Department of Health had revealed breath alcohol tests performed with certain Datamaster units were or may have been invalid due to faulty calibration solutions. As such, appellant sought any evidence favorable to his case in light of these news reports. Alternatively, appellant requested a continuance of the trial in order "to investigate the accuracy of the Datamaster unit used herein." After the State filed a Brief in Opposition, the trial court denied appellant's motion on August 5, 1997.
Via Judgment Entry dated August 7, 1997, the trial court suasponte continued the jury trial scheduled for that day. The following day, the trial court rescheduled the trial to commence September 4, 1997.
On September 3, 1997, appellant filed a motion which consisted of four branches. The first branch sought leave to extend the time for filing a pre-trial motion. Branch two, which was contingent upon the trial court's denial of branch one, requested the trial court dismiss the OMVI charge due to the State's failure to inform appellant of all evidence favorable to his case. Branch three, which was dependent upon the trial court's denial of branch two, sought a reasonable continuance of the trial set for September 4, 1997, in order for the trial court to conduct a suppression hearing. Finally, branch four sought a dismissal of all the charges based upon the assertion appellant was denied his statutory and constitutional rights to a speedy trial.
On September 4, 1997, appellant's counsel informed the trial court of appellant's intent to change his plea from not guilty to no contest. After accepting appellant's no contest plea, the trial court orally denied appellant's September 3, 1997 motion. Thereafter, the trial court found appellant guilty of both charges. On the license plate charge, the trial court fined appellant $20.00 plus court costs. On the OMVI charge, the trial court sentenced appellant to a six month term of imprisonment. The trial court suspended all but ten days of the sentence conditioned upon appellant's completion of a two year probationary period. Additionally, the trial court ordered appellant to pay a $300.00 fine plus court costs. The conviction and sentence were memorialized in a Judgment Entry dated September 4, 1997.
It is from this Judgment Entry appellant prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN DENYING THE PRE-PLEA MOTION TO DISMISS.
 II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING A MOTION TO GRANT LEAVE TO FILE A MOTION TO SUPPRESS.
 III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS ON THE BASIS OF SPEEDY TRIAL.
 I
In his first assignment of error, appellant maintains the trial court erred in denying his pre-plea motion to dismiss.
At his arraignment, prior to entering his plea, appellant orally moved the trial court to dismiss the charges against him. Appellant argued the arrest was unlawful pursuant to R.C. 2331.12
because it occurred on a Sunday.
R.C. 2331.12 provides:
 No person shall be arrested during a sitting of the senate or house of representatives, within the hall where such session is being held, or in any court of justice during the sitting of such court, or on Sunday or on the fourth day of July.
In City of Akron v. Mingo (1959), 169 Ohio St. 511, the Ohio Supreme Court explained:
 Sections 2331.11 to 2331.14, Revised Code, privilege parties, witnesses, attorneys and certain other officers of a court only from civil arrest while going to, attending or returning from court, and such sections do not privilege such persons from arrest for crimes or misdemeanors at such times.
 Id. at syllabus (Emphasis in original).
Since the arrest at issue in the instant appeal was not a civil arrest, appellant cannot claim immunity from arrest because June 1, 1997, was a Sunday. Furthermore, R.C. 2331.13 provides: "Sections 2331.11 to 2331.14, inclusive, of the Revised Code do not extend to cases of treason, felony, or breach of the peace* * *." Operating a motor vehicle while intoxicated constitutes a breach of the peace, an offense which is excepted from the provisions of section 2331.12 of the Revised Code. See, State v.Jennings (1959), 112 Ohio App. 455, 458.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court erred and/or abused its discretion in denying his motion for leave to file a motion to suppress.
The applicable standard of review is abuse of discretion. In order find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
Crim.R. 12(C) requires all pretrial motions be made "within thirty-five days after arraignment or seven days before trial, which ever is earlier." The rule also allows a trial court, in the interest of justice, to extend the time for making pretrial motions. Crim.R. 12(C).
In the case sub judice, appellant requested leave to file his motion to suppress on September 3, 1997, one day before the scheduled trial. Appellant explained to the trial court that a correspondence from National Patent Analytical Systems, Inc., which was received by appellant's trial counsel on September 2, 1997, indicated the results of appellant's breath alcohol test may have been effected by the manufacturer's calibration of the instrument used to perform the test.
Appellant was arraigned on June 4, 1997, however, his attorney did not initiate investigation of the calibration of the instrument used by the Heath Police Department until August 1, 1997. Although appellant infers the delay in investigating the accuracy of the Datamaster unit used on June 1, 1997, was caused by the State's failure to comply with his demand for discovery, which was filed on July 23, 1997, we find appellant's investigation was not hindered by any actions of the State as his procurement of the correspondence from National Patent Analytical Systems, Inc. was in no way impeded by appellee.
Accordingly, we find the trial court's denying appellant's motion for leave to file a motion to suppress one day before trial and 90 days after arraignment was not unreasonable, arbitrary or unconscionable, and; therefore, was not an abuse of discretion.
Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant asserts the trial court erred in denying his motion to dismiss pursuant to R.C.2945.71, and the Ohio and United States Constitutions. InState v. Mincy (1982), 2 Ohio St.3d 6, syllabus, the Supreme Court held:
 When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial.
Appellant was arrested on June 4, 1997. The original trial date was July 23, 1997. After appellant filed a jury demand, the trial court rescheduled the matter until August 7, 1997. On the day of trial, the trial court sua sponte continued the matter "until the next available jury date." See, August 7, 1997 Judgment Entry. The trial court entered this continuance on the journal prior to the expiration of the time limit for bringing appellant to trial. The court's order also set forth the reason for the continuance, i.e., another criminal case had proceeded to trial. Via Court Order dated August 8, 1997, the trial court set September 4, 1997, as the new trial date.
We find the trial court's entry meets the requirements ofMincy, supra. First, the August 7, 1997 Judgment Entry was journalized prior to expiration of the time limits prescribed in R.C. 2945.71 for bringing appellant to trial. Additionally, this entry states the reason justifying the sua sponte continuance. Specifically, the continuance was necessitated by the court's own docket. Furthermore, we find the continuance reasonable pursuant to R.C. 2945.72(H).
Based upon the foregoing reasons, appellant's third assignment of error is overruled.
The Judgment Entry of the Licking County Municipal Court is affirmed.
By: Hoffman, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is affirmed. Costs assessed to appellant.