## PROSECUTION FOR KEEPING A PLACE WHERE INTOXICATING LIQUORS ARE SOLD.

Court of Appeals for Cuyahoga County.

JOHN A. SANDERS V. STATE OF OHIO; JASPER POST V. STATE OF OHIO, AND AUGUST PFAFF V. STATE OF OHIO.

Decided, March 25, 1913.

*Criminal Law—Accused Named in the Affidavit by his Initials—Proof as to the Sale of Liquor on Sunday—Jury Trial Not Necessary on the Issue of Former Jeopardy Under Charge of Unlawfully Keeping a Place Where Intoxicating Liquors are Sold—Variance.*

1. Courts take judicial notice that Christian and surnames are abbreviated. Hence, in a prosecution before a mayor under General Code, 13195, for keeping a place where intoxicating liquors are sold in violation of law, the fact that accused is named in the affidavit by initials instead of his full name does not necessitate a reversal for variance under General Code, 13582, especially where no objection is made on the trial thereto and in his internal revenue certificate and state liquor tax application it appears that his name is designated by such initials.

2. Proof of a single sale on Sunday of intoxicating liquors in a room furnished with bar fixtures, a bar tender and other indicia of a place where liquors are kept, justifies a conviction under General Code, 13195, for keeping a place where intoxicating liquors are sold contrary to law.

3. The inhibition of General Code, 13195, as to unlawfully keeping a place for sale of intoxicating liquors is not limited to dry territory but includes unlawfully keeping a place on Sunday.

4. Plea of former jeopardy is properly heard and determined by a mayor under General Code, 4528, in a prosecution for unlawfully keeping a place for sale of intoxicating liquors contrary to General Code, 13195, and, since the prosecution is for a fine only, a jury trial is not necessary.

*Geo. W. Shaw* and *M. Bernstein,* for plaintiffs in error.
*John A. Chamberlain, David E. Green* and *Cyrus Locher,* Prosecuting Attorney, contra.

JONES, J.; METCALFE, J., and FERNEDING, J., concur (sitting in place of Judges Winch, Meals and Grant).

Error to Common Pleas Court.

Plaintiffs in error were each brought before and convicted by J. R. MacQuigg, mayor of East Cleveland, upon affidavits based upon Section 13195, General Code, charging them with keeping a place in the adjoining city of Cleveland where intoxicating liquors were sold in violation of law. The convictions were each affirmed by the common pleas court, and proceedings in error are here instituted to reverse the judgment of the lower courts.

The cases involve similar questions, except that in the Pfaff case the additional claim is made that Pfaff, as shown by the record, has been once in jeopardy for the same offense before a Cleveland city justice of the peace; and that when he had demanded a jury before the East Cleveland mayor, upon a plea in bar, he was denied the same.

It is claimed in all three cases that the judgments below are against the evidence, in that the showing of a single sale could not be held to be a violation of the statute as to keeping, etc.; that the defendant, Sanders, was not shown to be the John A. Sanders who was on trial. The testimony refers to the defendant as "J. A. Sanders"; the internal revenue and state licenses were issued to "J. A. Sanders" but it is insisted that this "J. A. Sanders" was not shown to be the John A. Sanders charged in the affidavit. The record does not show that defendant made any issue of the fact on the trial, but reserved it for review only. The variance is not material. Courts will take judicial notice that Christian and surnames are abbreviated. If tried under indictment it would not appear to be prejudicial to the defendant under Section 13582, General Code. While the section is not made applicable, in terms, to procedure before magistrates, we think that no prejudice arose to the defendant which would necessitate reversal for that cause. Furthermore, no proper action was taken at the time by defendant objecting because of variance. What has been said as to Sander's case applies as well to the Pfaff case.

Again, it is urged that proof of a single sale on a single day does not dignify the offense as one of keeping a place.

Strictly speaking, that is true. Under the law a single sale is of itself an offense punishable as such. Where, however, a single sale is accompanied by proof evidencing the indicia of a place where liquors are kept, showing the connection wherewith a room furnished with fixtures, bartender or other evidence connecting such sale with the place, such proof in connection with a single sale may be sufficient to justify of "keeping a place," etc. We are not convinced that there was a failure of proof in this regard, or that the judgment was against the evidence. The circuit court of the fourth circuit has held, as above stated, in cases of similar character. But here appears the additional fact that the sale in question was made on the first day of the week. Therefore, a showing of the place and a single sale therein, would fall within the inhibition of Section 13195, General Code. This view is supported by the case of Lynch v. State, 12 C.C.(N.S.), 330 (affirmed, without opinion, Lynch v. State, 81 Ohio St., 489).

While the sale in the foregoing case was in violation of law, as being made in dry territory, the principle is analogous where the violation of law claimed is under Section 13050, General Code.

Plaintiffs in error urge that Section 13195, General Code, applies only to the keeping of places and the violation of law in dry territory. It is somewhat difficult to follow counsel in this phase of the case, for the reason that Section 13195, General Code, was substantially as it is now, long before the local option laws were effective in this state, and in its original form applied to the entire state.

But the argument is wholly unavailing for the reason that the plain import of the section applies to any place where intoxicating liquors are sold in violation of law. Furthermore, under the local option sections of the code, Sections 13225, 13226, General Code, special provisions are made for punishment and abatement in cases where the places are within dry territory.

The defendant below, August Pfaff, filed before the mayor of East Cleveland his plea in abatement, alleging former acquittal for the same offense before a justice of the city of Cleve-

land, and demanded a jury upon that issue; this the mayor refused, and himself heard the entire case, including the issue of former acquittal. Plaintiff in error, Pfaff, relies on his right to a jury on Section 13630, General Code, found in title 2, part four of criminal procedure. Section 13630, General Code, is made applicable to criminal proceedings upon indictment and is lodged in title 2, part four.

Sections 10490 and 10491, General Code, do not apply the procedure of Section 13630, General Code, to justices' and mayors' procedure, as will be seen from an inspection of those sections.

Under Section 4528, General Code, the mayor has final jurisdiction in misdemeanor cases, unless the accused, is, by the Constitution, entitled to a jury trial. The offense charged under Section 13195, General Code, against the defendant was punishable by fine only. The mayor had complete and full jurisdiction to hear and determine the offense including every issue made, and including the plea of former jeopardy. Section 4528, General Code, clothes him with full final jurisdiction to "hear and determine any prosecution for a misdemeanor." Any issue embraced within that "prosecution" may be therefore determined by him, without the intervention of a jury.

That, upon a second conviction, the defendant's place may be abated as a nuisance and that a constitutional right to a jury trial would then accrue to him, and that by force of the second, therefore, need not now be discussed, for obvious reasons. A second offense was not charged.

Upon an inspection of the record in the three cases, we are constrained to hold that no prejudicial error has been committed and the judgments of the mayor and the common pleas court will be affirmed.

Cause remanded to the mayor's court for execution and for further proceedings according to law.