Richards, J.
Mignery was convicted before the mayor of the village of Stryker, in Williams county, of keeping a place where intoxicating liquors were unlawfully sold in violation of Section 13195, 'General Code, and was sentenced to pay a fine of $500. The judgment was affirmed in the court of common pleas, and this proceeding in error is brought to reverse these judgments.
Very many reasons are urged why the judgments should be reversed. It is insisted that no affidavit was filed; that the paper which was filed as an affidavit is void for uncertainty and is not certified under the seal of the mayor; that no sufficient warrant was issued; that no preliminary inquiry was had pursuant to Section 1261-69, General Code (103 O. L., 239, Section 54); that the court erred in the admission and rejection- of evidence; and that the judgment of conviction is against the weight of the evidence.
An affidavit which appears to be in due form of law was made and filed with the -mayor by W. M. Bonebrake, who made oath before the mayor that the statements contained in the affidavit were true. This original affidavit was pasted in a blank space in a warrant, instead of writing into the blank space a copy of the affidavit or the substance thereof, and the warrant was thereupon signed and issued by the mayor. While it was somewhat irregular to use the -original affidavit in this way, yet the validity of it was in no wise affected by such- use; nor was the sufficiency of the warrant lessened by the fact that it contained the original affidavit instead of a copy thereof. The validity of the proceedings is not affected by the fact that *234 the mayor omitted to attach his official seal to the affidavit or to the warrant. It was at most an irregularity. which would not invalidate the proceedings. The state having done all that it was required to do by causing an affidavit in proper form to be made out and verified and filed with the mayor, it is not material that the affidavit does not bear a file-mark nor contain the official seal of the mayor of the municipality.
The defendant on being arraigned plead not guilty, and on his application the hearing was continued to a later date. All objections of the character mentioned are waived by the filing of a plea of not guilty. Riflemaker v. State, 25 Ohio St., 395.
When the case came on for hearing, objections were made to the sufficiency of the affidavit and warrant, and, on consideration, those objections were overruled. After the hearing had proceeded to the extent that the objections to the affidavit and warrant were overruled, a witness was called and the examination commenced, whereupon counsel for the defendant objected to further proceeding with the trial for the reason- that no preliminary examination or investigation had been made as provided by Section 1261-69, General Code (103 O. L., 239, Section 54). In order for a defendant to take advantage of the provisions of that section it is necessary for him to make due application to the magistrate for the preliminary hearing therein mentioned, and this application should be made before the parties -have begun the trial of the case on its merits. In the case at bar the defendant made no application for a prelim *235 inary hearing under the section cited, but merely objected to proceeding to trial, and he failed to make even this objection until after the commencement of the trial upon its merits. While the defendant is the holder of a liquor license, nowhere does it appear in the record that he has been heretofore convicted of a previous offense under the liquor laws or ordinances; nor did he at any time make such contention; nor did he claim that a conviction in the pending case would work a revocation of the liquor license which had been granted to him by the state. The record does not disclose that the defendant at any time asked for a trial by jury. Under these circumstances the court committed no error in proceeding with the trial of the case upon its merits without theretofore having had the preliminary examination provided for in Section 1261-69, above cited.
While the defendant was prosecuted in this case for keeping a place where intoxicating liquors were sold in violation of law, reliance was placed on certain sales to various minors claimed to have been made by bartenders in the defendant’s employment. Three boys, varying in ages from sixteen years and ten months to nineteen years, testify to having bought liquors at various times of bartenders in the defendant’s employment in a saloon which was kept and conducted by him. It appears from the evidence offered by the defendant that one of these boys was required to sign a written statement with reference to his age, and that thereupon he did sign one, not, however, writing his own name, but writing the name Ralph Jones. This statement reads that the signer was *236 twenty-one years old on the 15th day of March, 1893. Possibly the parties intended to set forth that the signer of the statement was born on the date given, but the writing does not so read and no explanation of the fact is made in the evidence. After these facts had appeared the defendant offered the writing in evidence and the court excluded the same. We see no prejudicial error in excluding this writing. Certainly the defendant could not be protected by a written statement so palpably false and signed under an assumed name.
Evidence was introduced on behalf of the defendant showing that he had on various occasions given his bartenders directions not to sell liquor to minors. If the prosecution were for unlawfully selling intoxicating liquor it would be, competent for the defendant to prove that he had given in good faith directions to his bartenders forbidding sales to minors, as was held in Anderson v. State, 22 Ohio St., 305. The charge in this case, however, was not that the defendant had unlawfully sold intoxicating liquor, but that he was the keeper of a place where intoxicating liquor was sold in violation of law, an entirely distinct offense. The general assembly has by Section 13195, General Code, prohibited the keeping of a place where intoxicating liquors are sold, 'furnished or given away in violation of law, and in'order to sustain a conviction under that act it is only necessary for the state to prove that the defendant is the keeper of the place and that intoxicating liquors have been unlawfully sold therein. In such a prosecution orders or directions given to “the bartender are not material; nor is actual knowledge of the *237 keeper of the premises that intoxicating liquors are unlawfully sold therein important. The question of agency of the bartender has nothing to do with a prosecution under this section. State v. Fuller, 13 C. C., N. S., 405.
'Some evidence was excluded tending to show that on particular occasions, other than those claimed by the state, the defendant, through his bartenders, refused to sell liquor to minors. The court committed no error in so holding, for, as has been well said, evidence that one has violated the statute in one instance can not be rebutted by testimony that he did not violate it every time he had the opportunity. State v. Linder, 76 Ohio St., 463, 465.
As the statutes of Ohio now read, we have no hesitancy in reaching the conclusion that in a prosecution for keeping a place where intoxicating liquors 'are unlawfully sold, furnished or given away, proof of one unlawful sale ’in a room conducted as a saloon is sufficient to sustain a conviction. Sanders v. State, 1 Ohio App., 306, and Lynch v. The State, 12 C. C., N. S., 330.
The evidence has at least the usual conflict found in cases of this character. The witnesses were before the mayor and he had better opportunity to judge of - their truthfulness than this court. There was ample evidence introduced which, if believed by the lower court, would justify a finding that the defendant was guilty, and, indeed, that sales had been made to minors on various occasions by persons in hi-s employment. We have read all of this evidence and are not able to *238 say that the judgment of conviction is so manifestly against the evidence as to justify a reversal.
Finding no prejudicial error, the judgment will be affirmed.

Judgment affirmed.

Chittenden and Kinkade, JJ., concur.