No. 818
BOBB v. BOBB & SONS CO.

Ohio Appeals, 4th Dist., Franklin County
No. 1116. Jan. 25, 1924

297  CONTRACTS—Delay in performance by building contractor held excused by default on part of owners in payment of installments.

KUNKLE, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was a case of receivership in which the E. H. Latham Co. filed an intervening petition seeking to have their claim allowed for $8,276.98 as the balance due on a contract which they had with the George Bobb & Sons Co., defendant. By the terms of the contract the Latham Co. was to construct a large building for the Bobb Co., the work to be completed by Sept. 1, 1920, and if not so completed the Latham Co. was to pay to the Bobb Co. as liquidated damages $100 for each and every day the work remained uncompleted after Sept. 1, 1920. The work was not completed until Nov. 17, 1920. The receiver, in answer to the intervening petition, filed a counterclaim for damages for the delay in completion. The Lathan Co. as an excuse for the delay alleged that the Bobb Co. failed to give possession of the premises soon enough to permit the beginning of excavation in time; that the Bobb Co. made numerous defaults in their monthly payments required by the contract, thus disabling the Latham Co. from purchasing material and meeting their payroll; and that weather conditions, strikes and shipping delays likewise interfered. The Common Pleas rejected the claim of the La-

tham Co., which appealed to the Court of Appeals. Held:

This court finds from the record that the allegations of the Latham Co. given as excuse for the delay in completing the building are true. The Bobb Co. was chiefly at fault in not making monthly payments promptly as agreed and, as a result, the Latham Co. was greatly hindered. These defaults in payment are a good defense to the receiver's claim for liquidated damages. The delay in performance was reasonably excused. The Latham Co.'s claim should be allowed and the claim of the receiver for liquidated damages should be dismissed. Decree accordingly.

Attorneys—Wilson & Rector, for the Latham Co.; Edward C. Turner, for receiver; all of Columbus.

---

No. 819
STATE v. ORBY

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4776. Jan. 21, 1924

333.  CRIMINAL LAW—Affidavit, otherwise regular upon its face, will support warrant in a proceeding notwithstanding not properly sworn to.

PER CURIAM.

Epitomized Opinion
Published Only in Ohio Law Abstract

An affidavit was filed in the court of Mayor Hill of Lakwood, O., and a warrant sworn out for defendant Louis Orby charging him with the offense of having liquor in his possession. The affidavit was sworn to by Police Lieutenant Lang and was certified by Mayor Hill as being sworn to by Lang. After a motion to quash and a demurrer had been overruled, Orby pleaded not guilty. Lang testified on the witnessstand that he did not hold up his hand and swear before Mayor Hill before signing the affidavit. The Mayor went forward with the case, heard the testimony, found Orby guilty and fined him $500. Orby prosecuted error to the Common Pleas, which reversed the case because the police officer had not been properly sworn. The State prosecuted error to the Court of Appeals, which held:

The testimony of the police officer that he was not properly sworn is not sufficient to cause a reversal of the case. If so it would bring into the case a collateral issue. The statute provides a penalty for certifying to an affidavit when the formalities of the law have not been fully complied with. That does not nullify the affidavit if it is regular on its face. Judgment of the Common Pleas reversed and judgment of the Mayor's Court affirmed.

Attorneys—A. E. Bruecker, for State; J. G. Reyant, for Orby; both of Cleveland.