Allen, J.
 

 The court of common pleas reversed the judgment of the mayor’s court and held in its journal entry that the mayor “had no jurisdiction of the plaintiff in error, for the reason that the warrant upon which the plaintiff in error was arrested was issued without an affidavit which was sworn to before any officer duly authorized to administer oaths, having been filed.” The Court of Appeals affirmed this judgment.
 

 In support of this judgment the defendant in error claims:
 

 First. That-there is no such officer as a “vice mayor”; that the statutes provide only for an acting mayor, and that hence the affidavit signed by Mulloy as “T. B. Mulloy, Vice Mayor of the Village of Newtown,” showed upon its face that no jurisdiction was acquired in the proceeding.
 

 Second. That the record does not show that the acting mayor had authority to administer the oath, and that in a mayor’s court jurisdiction is not presumed.
 

 Third. That the Legislature has not authorized an acting mayor to exercise judicial powers.
 

 Fourth. That all judges are elective officers, and that hence an acting mayor cannot exercise judicial powers, because he was not elected to act-as judge. .
 

 The sections of the statute which govern this case áre Sections 4255, 4256, and 4216, General Code. The first two sections read as follows:
 

 Section 4255: “The mayor shall be elected'for
 
 *26
 
 a term of two years, commencing on the first day of January, next after his election, and shall serve until his successor is elected and qualified. He shall be an elector of the corporation. He shall be the chief conservator of the peace within the corporation, and shall have the powers hereinafter conferred, perform the duties hereinafter imposed, and such other powers and duties as are provided by law. He shall be the president of the council, and shall preside at all regular and special meetings thereof, but shall have no vote except in case of a tie.”
 

 Section 4256: “When the mayor is absent from the village, or is unable for any cause to perform his duties, the president
 
 pro tern,
 
 of council shall be acting mayor. In case of the death, resignation, or removal of the mayor, the president
 
 pro tern,
 
 of council shall become the mayor and serve for the unexpired term and until the successor is elected and qualified.”
 

 ¡Section 4216, so far as material, reads as follows:
 

 “When the mayor is absent from the village or is unable for any cause to perform his duties, the president
 
 pro tem.
 
 of council becomes acting mayor, and shall have the same powers and perform the same duties, as the mayor.”
 

 It should be borne in mind at the outset that the jurisdiction of one accused of an offense before a justice of the peace, mayor, or police judge can be acquired only upon the filing of an affidavit under the provisions of Section 13496, General Code. The filing of the affidavit is prerequisite to the issuing of the warrant, and without the filing of a proper affidavit no jurisdiction is acquired.
 
 *27
 
 It is also essential to the validity of such affidavit that it be sworn to by the affiant before some person who has authority to administer oaths, and if such affidavit shows upon its face that it is not sworn to before a person authorized by law to administer the oath it has no legal force whatever. 2 Corpus Juris, 328.
 

 With these considerations in mind we shall proceed to discuss the question whether the affidavit is void because of the fact that the oath is administered and the jurat is signed by T. B. Mulloy, as “Vice Mayor,” instead of by T. B. Mulloy, as “Acting Mayor,” and, if the affidavit is not void for that reason, whether the acting mayor of the village of Newtown was authorized to administer the oath in the affidavit upon which the warrant was issued, and to issue the warrant.
 

 Is an affidavit which is sworn to before, and the jurat of which is signed by, a person who styles himself “vice mayor of the village of Newtown,” void? It is conceded that there is no such office in the Ohio law as that of “vice mayor.” Under the statutes above quoted there is such an office as “acting mayor.”
 

 It is not contended that T. B. Mulloy, who signed this affidavit as vice mayor, was not in fact president
 
 pro tern,
 
 of council, and hence, in the absence of the mayor, the acting mayor; but it is said that on its face the affidavit must show that the oath was administered by a person properly authorized, and that, since it bears the words “vice mayor” instead of “acting mayor,” the affidavit does not fulfill that requirement.
 

 
 *28
 
 Looking to the dictionary we had the definition of the word “vice” to bei
 

 “Denoting one who in certain cases may assume the office or duties of a superior; designating an officer or an office that is second in rank or authority; as,
 
 vice
 
 president;
 
 vice
 
 agent;
 
 vice
 
 counsel,” etc. Webster’s International Dictionary.
 

 And .this indeed is the exact and familiar meaning of the word “vice” as'understood by the lay person.
 

 This is also the exact meaning of the word “acting” when used in conjunction with the title of some office. “Acting mayor,” for instance, means the officer who, in case of death, resignation, removal, absence, or disability of the mayor, assumes his office and performs functions. In other words, “vice mayor” is not the name but the description of the title to the office. There could be not the slightest confusion as to what official was meant by this term “vice mayor.” No one but.the acting mayor could be designated “vice mayor”; and this contention is therefore overruled.
 

 It is further urged that, when the judgment of a court of limited jurisdiction is attacked, jurisdiction is not presumed; that the face of the record of such a court must exhibit facts necessary to sustain the judgment; and that, inasmuch as the affidavit and warrant do not show that the mayor was absent from the village at the time of the execution of the affidavit and the issuance of the warrant, the president
 
 pro tem.
 
 of the village council had no authority to administer the oath in the affidavit and to issue the warrant. In other
 
 *29
 
 words, it is contended that this court cannot assume from the form of the affidavit and warrant that the mayor was absent from the village, and that the president
 
 pro tem.
 
 was authorized to act as mayor. The record does affirmatively .show, by testimony given at the trial, that such was the case.
 

 This argument again fails to take into account the meaning of the word “vice” in connection with the word mayor. The word “vice” in such a connection signifies the assumption of office by one entitled thereto in the place of his superior in ease of death, resignation, removal, absence, or disability. The statutes of Ohio provide for the acting of the president
 
 pro tem.
 
 of the council in place of the mayor under just such circumstances. The affidavit shows upon its face by the use of the word “vice” that Mulloy was properly performing the functions of the mayor either in his absence, disability, or under some one of the circumstances set out in the statute.
 

 If such was not the case, the burden of proof was upon the defendant in error to establish that fact.
 

 It is next contended that the Legislature of the state of Ohio has never conferred criminal nor judicial authority upon the president
 
 pro tem.
 
 of the village council. In other words, defendant in error claims that when functioning as an acting mayor the president
 
 pro tem.
 
 of the village council can exercise only executive and not judicial powers, citing as authority the case of
 
 State
 
 v.
 
 Hance, 4
 
 Ohio Cir. Ct. R. (N. S.), 541. This case, however, has no application to the present sitúa
 
 *30
 
 tion, for when the Hanoe decision was rendered Section 4216 had not yet been enacted. In that section of the statute the Legislature provided that, when the mayor is absent from the village, or is unable for any cause to perform his duties, the president
 
 pro tern,
 
 of the council shall “have the same powers and perform the same duties as the mayor.”
 

 Section 4255, General Code, confers upon the mayor of a village judicial as well as executive powers. Under that section he is the chief conservator of the peace within the corporation, and he is given “the powers conferred by law.” These powers include those set out in Sections 4535 to 4547 of the General Code, and include jurisdiction to hear and determine prosecutions for violation of ordinances of the corporation unless imprisonment is prescribed as part of the punishment, jurisdiction to hear and determine any prosecution for a misdemeanor unless the accused is by the Constitution entitled to a trial by jury, jurisdiction in the two cases just mentioned, notwithstanding the right to a jury, if the defendant in writing waives a jury before the commencement of a trial, and the other powers in criminal cases set forth in the sections cited.
 

 Under Section 4216 the president
 
 pro tem.,
 
 when he acts as mayor, or, in the words of the statute, becomes acting mayor, is invested with every authority exercised by the mayor — executive, legis lative and judicial — and hence the third contention must be overruled.
 

 It is next claimed that, inasmuch as Section 10 of Article IV of the Constitution provides that judi
 
 *31
 
 cial officers must be elected, Mulloy could not administer tbe oath and issue the warrant. The attorney for defendant in error in this coimection urges that Mulloy was not even an elected member of the village council, but was appointed to fill a vacancy.
 

 It is sufficient to say with regard to this contention that no such facts appear upon the record. The president
 
 pro tern,,
 
 of the council is a council member, and membership in a village council is an elective office, and we must assume that Mulloy was elected thereto until the contrary appears.
 

 This fact brings the case within that of
 
 Ide
 
 v.
 
 State,
 
 95 Ohio St., 224, 116 N. E., 450, which held in the syllabus:
 

 .
 
 “A
 
 provision in a municipal charter, adopted under authority of Section 7 of Article XVIII of the state Constitution, continuing in force the general laws of the state conferring judicial functions upon mayors of cities and villages, to be exercised by the president of a city commission, who is elected a member of that commission by the qualified electors of the municipality, is not in conflict with any provision of the Constitution of Ohio.”
 

 In that cáse Judge Donahue held that the question was not affected by the fact that a municipal charter provision was involved tlierein, since the charter provides that the president of the city commission shall have the judicial functions of mayor under the general laws of Ohio, and, therefore, if the president of the city commission has any judicial powers whatever, they are conferred upon him by the general laws of the state. He went on to say that the president of the city com
 
 *32
 
 mission was elected a member of that body, with knowledge on the part of the electors that his election as snch commissioner would make him eligible to be selected to exercise the judicial functions of mayor under the general law of the state, and that hence objection to his exercising judicial functions was untenable. Upon this record the reasoning of the
 
 Ide case, supra,
 
 applies exactly. Here, too, the president
 
 pro tern,
 
 of the council is elected a member of that body by electors who know that his election will make him eligible to be elected president
 
 pro tern,
 
 of council, and thus, under the circumstances set out in Section 4216, General Code, to exercise the judicial functions of the mayor, and hence his exercising judicial functions is not in contravention of Article IV, Section 10, of the Constitution.
 

 Judgment of the Court of Appeals reversed.
 

 Judgment reversed.
 

 Marshall, C. J., Matthias and Day, JJ., concur.
 

 "Wanamaker, J., not participating.