CITY OF COLUMBUS, APPELLEE, *v.* JACKSON, APPELLANT.

(No. 4793—Decided October 6, 1952.)

Mr. *Richard W. Gordon*, city attorney, and *Mr. Walter W. Grelle*, for appellee.
Mr. *Isadore Margulis*, for appellant.

WISEMAN, J. This appeal is on questions of law from a judgment of the Municipal Court of Columbus. The defendant was convicted on the charge of driving while intoxicated.

The affidavit was in the usual form. The only witness called was the arresting officer. On cross-examination he testified that he had not sworn to the affidavit, although it purported to have been sworn to before a deputy clerk. At this juncture the defendant's counsel moved for a dismissal of the case on the ground that the court was without jurisdiction. The motion was overruled. Then, at the request of the prosecutor, the officer was sworn to the affidavit. The prosecution then rested. The defendant's counsel again moved for a dismissal of the case on the ground that the court was without jurisdiction and that the evidence failed to establish the guilt of defendant beyond a reasonable doubt. The motion was overruled, after which the defendant rested. The court found the defendant guilty and pronounced sentence. Motion for a new trial was duly filed and overruled.

While several errors are assigned, we find only one to be well made, to wit, a valid affidavit was not filed by which to confer jurisdiction.

The defendant contends that he was tried on a void affidavit; that the court did not acquire jurisdiction; and that the entire proceedings were void *ab initio*.

The filing of a proper affidavit is a necessary prerequisite to the acquisition of jurisdiction.

In *State* v. *Lanser,* 111 Ohio St., 23, 144 N. E., 734, the court, at page 26, stated:

"It should be borne in mind at the outset that the jurisdiction of one accused of an offense before a justice of the peace, mayor, or police judge can be acquired only upon the filing of an affidavit under the provisions of Section 13496, General Code. The filing of the affidavit is prerequisite to the issuing of the warrant, and without the filing of a proper affidavit no jurisdiction is acquired."

This court in the case of *In re Van Hoose,* 61 Ohio Law Abs., 256, 103 N. E. (2d), 842, held:

"The filing of a proper affidavit is a prerequisite to the acquiring of jurisdiction of subject matter in a criminal case."

A case where the facts bear a striking similarity to the facts in the instant case was decided by the Common Pleas Court of Butler County, Ohio. *State* v. *Hayes,* 13 Ohio Supp., 76. In that case it was held that defendant, in raising the jurisdictional question, is not restricted to a plea in abatement, and where the lack of jurisdiction was first disclosed by the evidence presented by the state, a motion to dismiss at the close of the state's case was timely.

The sixth paragraph of the headnotes is as follows:

"Where arresting officer testified that he signed purported affidavit on which prosecution for drunken driving was based before a police sergeant, and did not swear to such affidavit before clerk of Municipal Court, whose jurat was attached thereto, purported affidavit was not verified and was insufficient to give Municipal Court jurisdiction to try defendant."

We approve and apply the principles of law announced in the above cited cases. The two cases cited by the state—*State* v. *Orby,* 2 Ohio Law Abs., 777, and *Mignery* v. *State,* 10 Ohio App., 232—are distinguishable on the facts.

In the instant case, the affidavit being void, the court was without jurisdiction, and the entire proceeding was a nullity. The case should have been dismissed for lack of jurisdiction, and that will be the order of this court.

*Judgment accordingly.*

HORNBECK, P. J., and MILLER, J., concur.