## In re Glatz.

(No. 4721—Decided April 20, 1953.)

*Mr. Robert N. Zanville,* for petitioner.

*Mr. John J. McCarthy,* director of law, and *Mr. Louis R. Young,* for respondent.

*Per Curiam.* Petitioner was charged with being drunk and disorderly on September 30, 1952. Upon hearing, at the suggestion of the court, the police prosecutor amended the affidavit by writing therein "same being alleged as a fourth offense." After a plea of guilty, petitioner was sentenced to serve a year in the house of correction.

Section 17-5-14 of the ordinance provides:

"[Intoxication]. Whoever is found in a state of intoxication or whoever, being intoxicated, shall disturb the peace and good order, or shall conduct himself or herself in a disorderly manner shall be fined or

imprisoned in the workhouse at hard labor, or both, at the discretion of the Municipal Court, but no such person shall be fined for a single offense to exceed fifty dollars and such imprisonment at hard labor shall not, for the first offense, exceed thirty days, for the second offense ninety days, for the third offense six months, and for the fourth or any further repetition of the offense one year.''

Neither the court nor the prosecutor could amend the affidavit. *City of Toledo* v. *Harris,* 56 Ohio App., 251, 10 N. E. (2d), 454. The amendment is a nullity and must be disregarded. However, the court retained jurisdiction of the person of the petitioner under the original unamended affidavit and, upon his plea of guilty to the charge, the court had jurisdiction to impose sentence. If, in the light of the provisions of the ordinance, the sentence was excessive, petitioner had the right to appeal therefrom. Habeas corpus can not be employed as a remedy by a person who has been convicted of a criminal offense and subjected to a fine and imprisonment which he claims to be in excess of the maximum provided by law. *Birns* v. *Sweeney,* 154 Ohio St., 137, 93 N. E. (2d), 562.

*Petitioner remanded to custody.*

FESS, CONN and DEEDS, JJ., concur.