CITY OF TOLEDO, APPELLEE, *v.* MISCIKOWSKI, APPELLANT.

(No. 4819—Decided January 31, 1955.)

*Mr. Louis R. Young* and *Mr. Nicholas J. Walinski,* for appellee.

*Mr. Stanley J. Grzezinski,* for appellant.

FESS, J. This is an appeal on questions of law from a judgment of the Common Pleas Court affirming a judgment of the Toeldo Municipal Court, convicting the defendant of driving while under the influence of intoxicating liquor.

The only error assigned is the claim that the defendant was tried and convicted under an unlawful affidavit. The affidavit setting forth the charge was executed by one of two arresting officers, who also signed below his own name the name of the other officer who participated in the arrest. It was sworn to by the affiant before a deputy clerk of the Municipal Court. Both the officer signing the name of his partner and the deputy clerk who took the oath are subject to reprimand for appending to the affidavit the name of a person who was not sworn. It appears from the record that such procedure is common practice in the Municipal Court, and, of course, it should be discontinued. If it be desirable to have the name of another arresting officer, who is not sworn, attached to the complaint, adequate space is provided on the reverse side thereof.

Section 14, Article I of the Constitution specifically provides that "no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and things to be seized."

Section 2935.19, Revised Code (Section 13432-18, General Code), prescribes the form of affidavit pursuant to which a warrant for arrest may be issued. It contemplates that it shall not only be signed by the affiant but that his oath thereto shall be taken by an officer whose signature is also a requisite to the validity of the affidavit.

Inasmuch as, in the instant case, the affidavit was actually executed by one of the officers and was sufficient to apprise the defendant of the offense with which he was charged, the false signature of the other officer is surplusage, does not vitiate the affidavit, and is such an irregularity as is not prejudicial to the defendant. Cf. Section 2945.83, Revised Code.

The judgment of the Common Pleas Court is, therefore, affirmed and the cause remanded to the Municipal Court of Toledo for execution of sentence.

*Judgment affirmed.*

CONN and DEEDS, JJ., concur.