CITY OF SOUTH EUCLID *v.* SAMARTINI.

(No. 7152—Decided February 10, 1965.)

*Mr. Paul Mancino, Jr.,* for plaintiff.
*Mr. Martin Rini,* for defendant.

KLEIN, J. This case came to trial in this court on November 10, 1964, on the following affidavit:
"The State of Ohio )
Cuyahoga County, ss. )
City of South Euclid )
"Before me, Marjorie Walters, Clerk of South Euclid Municipal Court, personally appeared Dana F. Jackson, . . . who being duly sworn, according to law, deposes and says, that on or about the 10th day of August 5:55 p. m. 1964, at the city of South

Euclid, in said County and State, one, Michael N. Samartini, . . . did unlawfully operate a motor vehicle and did unlawfully turn said automobile from a direct course upon Monticello Boulevard without ascertaining whether the same could be done with reasonable safety to other users of the street or without giving an appropriate signal. Said acts were in violation of Section 331.16 of the codified ordinances of the city of South Euclid and against the form of the ordinance in such case made and provided in violation of law, and further says not.

"(Affiant) /S/ Dana F. Jackson

"Sworn to and subscribed before me, this 9th day of September, 1964.

"/S/ Marjorie M. Walters,
Clerk of the Municipal Court."

This action arose out of an auto accident which the affiant (Dana F. Jackson) claimed was caused by the defendant (Michael Samartini). During the course of the trial, it developed that the above affidavit originally set forth the date of the accident as the "17th day of July"; that, thereafter, the "17th" was X'ed out and the "10th" was inserted in its place, and "July" was X'ed out and "August" was inserted in its place. Upon cross-examination by defendant's counsel, Dana F. Jackson admitted that when he signed the above affidavit, the date of July 17th was set forth therein; and that he did not swear to the truth of the contents of the affidavit after the date was changed from July 17th to August 10th. When these facts came to light, defendant's counsel made a motion to quash the affidavit. Whereupon, the prosecutor requested permission for a short continuance to file an amended affidavit (properly sworn) so that the trial could continue. The court reserved ruling on the defendant's motion and the prosecutor's request, pending receipt of briefs.

I. Weight of authority holds that affidavits may not be amended.

The prosecutor and defense counsel have very ably argued the question of whether affidavits may be amended pursuant to Section 2941.30, Revised Code (authorizing amendment to indictments, informations, and bills of particulars). A very careful examination of the authorities dealing with this question in-

dicates that the appellate courts of this state generally support the contention of defense counsel that affidavits may *not* be amended.[1]

*Diebler* v. *State* (1932, Richland Co.), 43 Ohio App. 350;[2] *City of Ironton* v. *Bundy* (1954, Lawrence Co.), 98 Ohio App. 416; *City of Toledo* v. *Harris* (1937, Lucas Co.), 56 Ohio App. 251; *In re Glatz* (1953, Lucas Co.), 94 Ohio App. 397; *State* v. *Jennings* (1959, Wyandot Co.), 112 Ohio App. 455.

The rule of law promulgated by the above cases was ably and concisely expressed by the Court of Appeals of Wyandot County in *State* v. *Jennings, supra,* as follows:

"We are of the opinion that the law is well settled in Ohio that amendments to affidavits filed in criminal actions are not permitted under authority of Section 2941.30, Revised Code."

II. Striking the July 17th date and inserting the August 10th date was not an "amendment."

In addition to the reasons set forth in item I above, there is still another reason why defendant's motion must be sustained. When the date of July 17th was stricken and the August 10th was inserted, this was not done by the court (or with leave of court). Also, it should be emphasized that the caption was not changed to read "Amended Affidavit"; therefore, the defendant did not have any way of knowing that the original affidavit had been changed after its execution. Furthermore, since a valid "amendment" can be made only by the court (or with leave of court[3]), it is apparent that striking the July 17th date and inserting the August 10th date was merely an unauthorized change in the contents of the affidavit not an "amendment."

III. Filing of valid affidavit prerequisite to court acquiring

---

[1] The only reported case (of which this court is aware) which reached a contrary result was a decision by the Court of Appeals of Champaign County, Ohio, in *State* v. *Wade* (1949), 54 Ohio Law Abs. 544. There is also dictum in *State* v. *Jackson* (1960, Franklin Co.), 90 Ohio Law Abs. 577, appeal dismissed, 171 Ohio St. 262, which tends to support the view of the *Wade case*; however a careful reading of *State* v. *Jackson*, indicates that it involved a "substitute" affidavit filed prior to the commencement of the actual trial not an amended affidavit.

[2] See also *Snyder* v. *State, ex rel. McCoy* (1935), 53 Ohio App. 370.

[3] Section 2941.30, Revised Code, states that the "court" may amend.

jurisdiction—court proceedings pursuant to invalid affidavit are a nullity.

The next question is whether the court should have granted the request made by the prosecutor in the midst of trial for a short continuance so that he could prepare another affidavit, properly sworn, to be filed with the court.

Up to this point, the trial of this case had proceeded based on a document which alleged that the offense had occurred on August 10th, a writing which had never been verified in its changed form. It is an elementary principle of law that the filing of a proper affidavit is a prerequisite to the acquisition of jurisdiction by a Municipal Court; that a writing which purports to be an affidavit is without any validity whatsoever unless properly sworn to before some person who possesses the authority to administer oaths in this situation. *City of Columbus* v. *Jackson* (1952), 93 Ohio App. 516; *State* v. *Zdovc* (1958), 106 Ohio App. 481. Since the "amended" affidavit was not sworn to after the July 17th date was stricken and the August 10th date inserted in lieu thereof, it is clear that the affidavit pursuant to which the defendant was arrested, and upon which trial was commenced, was void. Furthermore, the whole trial up to that point was a nullity because it had been held pursuant to an invalid affidavit. This rule of law was concisely set forth as follows by the Court of Appeals of Cuyahoga County in *State* v. *Zdovc, supra*:

"The record shows that the 'arrest affidavit' filed with the clerk on the day of the arrest was not sworn to when signed by the arresting officer, and, therefore, it was not an affidavit. A proper affidavit was first filed with the clerk on January 23, 1958. *It necessarily follows from this state of the record that the charge brought January 7 was of no legal effect, that the plea of 'not guilty' was without substance in law, and that the partial hearing on January 21, was without sanction of law. All proceedings, as a consequence, prior to January 23, were void ab initio and of no legal effect whatever,* and the defendant was not lawfully within the orbit of the court's power and authority on the charge brought against him by the arresting officer until January 23 when a valid affidavit was first filed." (Emphasis added.) 106 Ohio App. 484.

In view of the above, it is clear that this court would have erred had it granted the prosecutor's request to have the affidavit sworn to so that the trial could continue forthwith. Stating it another way, the Municipal Court clearly lacked authority to grant the prosecutor permission to have the "amended" affidavit sworn to in the middle of the trial so that the proceedings could be resumed when, as a matter of law, the testimony up to that point was not a trial at all, the court never having acquired jurisdiction over the defendant on the unverified affidavit. In dealing with this question, the Court of Appeals of Franklin County, Ohio, in *City of Columbus* v. *Jackson, supra,* stated as follows, at pages 518 and 519:

"The filing of a proper affidavit is a necessary prerequisite to the acquisition of jurisdiction.

"* * *

"In the instant case, the affidavit being void, the court was without jurisdiction, *and the entire proceeding was a nullity.* The case should have been dismissed for lack of jurisdiction, and that will be the order of this court." (Emphasis added.)

The prosecutor has argued in his brief that the insertion of a different date in the affidavit after it "had been signed but before it had been served upon the defendant" does not void the affidavit; that the date is not an essential element of the offense (Section 2941.08, Revised Code); that the original affidavit was sworn to and was a valid affidavit; that the South Euclid Municipal Court still had "jurisdiction to try this case upon the original allegations of the affidavit." In further support of its position, the city cites *State* v. *Jackson, supra; In re Glatz, supra;* and *City of Toledo* v. *Miscikowski* (1955), 99 Ohio App. 189. The fallacy of the prosecutor's argument is that it disregards the obvious realities of the situation, to wit: that it was the clear intention of the city of South Euclid to abandon the original affidavit in favor of the "amended" affidavit which stated that the offense had occurred on August 10, 1964. Furthermore, the defendant had proceeded to trial on the assumption that he was being tried for committing a violation on August 10th, not July 17th. Stating it another way, for this court to hold that the trial up to the time that the defendant made his motion to quash was based on the original affidavit (because the changing of dates was legally ineffective) would be to engage

in legal gymnastics in order to reach a conclusion which flies in the face of the actual facts (*i. e.*, up to the time that the defendant made his motion to quash, the prosecutor, the defendant, and the court were under the impression that trial was being had pursuant to an affidavit stating that the violation occurred on August 10, 1964). There can be no question that when the prosecutor changed the date in the affidavit, it was his intention to proceed to trial on the "amended" affidavit, the affidavit in its original form having been abandoned. The defendant too proceeded to defend himself against the allegations in the "amended" affidavit, this being the affidavit pursuant to which he had been arrested. In view of these facts, for this court to conclude that a valid trial had taken place up to the time of defendant's motion based on the original verified affidavit setting forth the July 17th date would be to arrive at a conclusion which is contrary to the true facts. In evaluating a situation very similar to the one involved in the instant case, the Court of Appeals of Wyandot County stated as follows in *State* v. *Jennings, supra*:

"In filing the new affidavit, the original affidavit was abandoned by the state and no longer had life." 112 Ohio App. 457.

The case of *City of Toledo* v. *Miscikowski, supra,* cited by the prosecutor, is inapplicable to the instant situation since in that case the affidavit was signed by two officers, one signature being verified and the other not. The court held that the second signature was surplusage, and, therefore, did not affect the validity of the affidavit. The case of *In re Glatz, supra,* involved a plea of "guilty" to the affidavit and not a "not guilty" plea as was the situation in the case at bar. In *State* v. *Jackson, supra,* the court did not permit the prosecutor to file an amended affidavit and continue the trial forthwith as was requested by the prosecutor in the instant situation, but rather, a "substitute"[4] affidavit properly verified was filed and an adjournment and continuance was granted to permit the defend-

---

[4]The court concluded that the steps taken by the prosecution "amounted to more than mere amendment of the affidavit." A careful reading of this case indicates that a "substitute" affidavit rather than an amended affidavit was involved, and this filed prior to the commencement of the actual trial.

ant to prepare a defense. The request of the prosecutor in the instant case was to continue with the trial after the affidavit was verified. *State* v. *Jackson, supra,* does not support granting such a request.

It should also be stated that the date the offense occurred is not such an immaterial part of the affidavit that it may be changed with impunity after the affidavit has been verified (*i. e.,* the affidavit form set forth in Section 2935.17, Revised Code, has a blank space for the date to be inserted). When a defendant is charged with committing a traffic offense, he is entitled to know the date (or approximate date) of the violation for which he is being charged[5]; only then can he be in a position to properly prepare his defense. In the instant situation, the date set forth in the verified affidavit varied by almost a month from the date in the "amended" affidavit.

IV. Plea of "not guilty" not a waiver of jurisdictional defect in affidavit.

There is no merit to the final contention of the prosecutor (based on Section 2941.29, Revised Code), that the defendant's "not guilty" plea constituted a waiver of any defects in the affidavit. The failure to have an affidavit verified is jurisdictional (*State* v. *Zdovc, supra*). This type of defect is not waived by a "not guilty" plea.

*Motion granted.*

---

[5]There may be certain rare exceptions to this rule, these being violations occurring under very unusual circumstances, not in any way similar to the type of situation or offense involved in this case.