[Cite as *State v. Cubic*, 2011-Ohio-4990.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 10CA0082-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JASON CUBIC | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 08 CR 0075 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

MOORE, Judge.

**{¶1}** Appellant, Jason A. Cubic, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

**{¶2}** Jason A. Cubic was arrested after police executed a search warrant at 1829 Rocklyn Drive, Brunswick, Ohio. In April 2007, Police received an anonymous tip that Cubic and his brothers were operating a methamphetamine lab in a garage at their residence in Brunswick. In response to the tip, members of the Medina County Drug Taskforce placed the Rocklyn Drive residence under surveillance in December 2007. The officers observed several vehicles arriving at the residence, then departing after a short time. Agent John Stayrook conducted two "trash pull[s]" at the residence. On both occasions, he found "green/brown vegetable matter" that field tested positive for the presence of marijuana, as well as mail

addressed to 1829 Rocklyn Drive. In the second trash pull he also found burnt foil, clear plastic bags, and a broken smoking device containing residue.

{¶3} On February 7, 2008, Agent Stayrook and Agent Jennifer Smith conducted an audit of the Ohio Pseudoephedrine Transaction Log at several pharmacies located in Brunswick and Hinckley, Ohio. They searched for the last name Cubic and the address of 1829 Rocklyn Drive. They discovered: "From October 9, 2006 to January 30, 2008, [the Cubic brothers] purchased 4,436 pills containing Pseudoephedrine and three boxes containing an unknown amount of pills containing Pseudoephedrine from Discount Drug Mart and Walgreens."

{¶4} Agent Stayrook requested and received a warrant authorizing a night-time search to protect agent safety and to minimize the destruction of evidence. He requested and received authority to search people and vehicles found on the property. The warrant also authorized police to locate and seize any marijuana, cocaine, or any other controlled substance or contraband, drug processing paraphernalia, weapons, or drug trafficking records. Upon executing the search warrant, officers reportedly found evidence tending to show that methamphetamine was being produced in one of the garages at the Rocklyn Drive residence. During this time, Cubic had control over the garage and many children, including Cubic's, were present in the home.

{¶5} On February 21, 2008, Cubic was indicted by the Medina County Grand Jury on one count of illegal manufacture of drugs in the vicinity of a school in violation of R.C. 2925.04(A)(C), a felony of the first degree, and one count of illegal assembly/possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a felony of the third degree. On March 10, 2008, he entered a plea of not guilty. A supplemental indictment was filed on March 19, 2008, and Cubic was indicted on one count of possession of

methamphetamine in violation of R.C. 2925.11(A)(C)(1)(b), a felony of the third degree. On April 7, 2008, he entered a plea of not guilty to that count.

{¶6} Cubic filed a motion to suppress on May 8, 2008. The trial court denied the motion on July 22, 2008. On October 20, 2008, he entered a plea of no contest to all counts. On January 22, 2009, Cubic was sentenced to four years of incarceration on count one, two years of incarceration on count two, and two years of incarceration on count three. Counts two and three were ordered to run concurrently with each other, and consecutively with count one, for a total of six years of incarceration.

{¶7} On February 20, 2009, Cubic filed a notice of appeal with this Court. On October 19, 2009, we dismissed the appeal and remanded the matter to the trial court for resentencing. On April 13, 2010, Cubic filed a motion to withdraw his previously entered plea of no contest. A hearing was held on the motion on May 11, 2010. The motion was denied on June 11, 2010. On June 28, 2010, the original sentence of six years of incarceration was reimposed, and Cubic was notified of mandatory five-year period of postrelease control.

{¶8} Cubic timely filed a notice of appeal. He raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

"TRIAL COURT KNOWINGLY, DELIBERATELY, ERRED TO THE PREJUDICE OF [CUBIC'S] 4TH, 8TH, 14TH U.S. CONSTITUTIONAL RIGHT'S [SIC] BY PROCEEDING TO SENTENCE OF [SIC] APPELLANT AFTER BEING PLACED 'ON NOTICE' THAT A GROSS MISCARRIAGE OF JUSTICE HAS OCCURRED; SEARCH WARRANT AFFIDAVIT, [SIC] ARREST WARRANT COMPLAINT ARE BOTH DEFECTIVE. LACKING A WRITTEN INDEPENDENT DETERMINATION OF FINDINGS OF PROBABLE CAUSE BY A NEUTRAL, DETACHED MAGISTRATE. IN [SIC] WRITING ON THE FACE OF THE AFFIDAVIT, OR ON THE FACE OF THE COMPLAINT. LEAVING [SIC] THE STATE OF OHIO WITHOUT

JURISDICTION, RENDERING ALL PROCEDURES CONDUCTED VOID AB INIT[I]O."

{¶9} In his sole assignment of error, Cubic makes multiple arguments regarding the validity of the search warrant affidavit and the arrest warrant complaint. He contends that these deficiencies divested the trial court of subject matter jurisdiction over the case. We do not agree.

{¶10} "[A] challenge based upon lack of subject matter jurisdiction may be raised at any stage of the proceedings." *State v. Culgan*, 9th Dist. No. 09CA0060-M, 2010-Ohio-2992, at ¶8, citing *In re Byard* (1996), 74 Ohio St.3d 294, 296. "Subject matter jurisdiction focuses on whether the court is the proper forum to hear the class of cases within which a particular case falls, such as common pleas court, municipal court, or juvenile court." *State ex rel. Ralkers, Inc. v. Liquor Control Comm.*, 10th Dist. No. 04AP-779, 2004-Ohio-6606, at ¶37, citing *State v. Swiger* (1998), 125 Ohio App.3d 456, 462. It does not focus on the particular facts of a case. *Swiger*, 125 Ohio App.3d at 462.

{¶11} Cubic relies on *State v. Lanser* (1924), 111 Ohio St. 23, to support his contention that "without the filing of a proper affidavit no jurisdiction is acquired." He contends that the trial court was without subject matter jurisdiction to hear the case due to alleged deficiencies in the search warrant affidavit and the arrest warrant complaint. We recently concluded that *Lanser* is inapplicable to the felony jurisdiction of the court of common pleas because "it addresses only the jurisdiction of mayor's courts over 'one accused of an offense before a justice of the peace, mayor, or police judge.'" *State v. Hobbs*, 9th Dist. No. 25379, 2011-Ohio-3192, at ¶25, quoting *Lanser*, 111 Ohio St. at 23, 26.

{¶12} Like *Hobbs*, this case involves the felony jurisdiction of the court of common pleas. "[S]ubject matter jurisdiction is conferred upon the court of common pleas by R.C. 2931.03, which provides: 'The court of common pleas has original jurisdiction of all crimes and

offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas.'" *Peters v. Anderson*, 9th Dist. No. 02CA008096, 2002-Ohio-6766, at ¶17. "The felony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county." *Hobbs* at ¶25, quoting *Click v. Eckle* (1962), 174 Ohio St. 88, 89.

{¶13} Cubic was indicted by the Medina County Grand Jury on February 21, 2008. This invoked the felony jurisdiction of the Medina County Court of Common Pleas. Cubic's arguments pertaining to the substance of the search warrant affidavit and the arrest warrant complaint refer to conduct that occurred prior to the indictment and relate to the legality of the search and his subsequent arrest. "[I]t is now well established that even if an arrest is illegal it does not affect the validity of subsequent proceedings based on a valid indictment[.]" *Hobbs* at ¶25 quoting *State ex rel. Jackson v. Brigano* (2000), 88 Ohio St.3d 180, 181. Upon the filing of the indictment, the trial court had subject matter jurisdiction over the case pursuant to R.C. 2931.03. Accordingly, Cubic's assignment of error is overruled.

III.

{¶14} Cubic's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

JASON CUBIC, pro se, Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL P. MCNAMARA, Assistant Prosecuting Attorney, for Appellee.